SMITH *v.* JEWETT.

A devise to the wife for life, of the testator's real and personal estate, including his homestead farm, upon condition that his two unmarried daughters be maintained therefrom, gives to the wife a conditional estate for life, and, so long as it lasts, the absolute disposal of the rents and profits without any obligation to account for them to the remainderman or reversioner.

As incident to such an estate, the wife may rightfully take from the land a reasonable amount of fuel for the supply of herself and family upon the farm, including the persons employed to cultivate it; and the fact that such persons are paid by a share of the crops, as tenants at the halves, and in cold weather keep a separate fire, does not of itself prove that the quantity used is unreasonable.

In such a case the obligation to maintain the daughters does not depend upon the question whether the income of the property is sufficient or not; but the wife, having accepted the gift, can be compelled, by bill in equity or suit at law, to perform the condition, although a provision for the daughters, at the family homestead, suited to their condition in life, is all that can be required.

A court of equity will not enforce a penalty or forfeiture, and therefore will not lend its aid to divest an estate for breach of condition subsequent.

THIS is a bill in equity, brought by Eliza J. Smith and her husband, and Sarah F. Jewett, the said Eliza and Sarah being daughters of Aaron Jewett, deceased, against Nancy Jewett, his widow, and Deborah L. Jewett, also a daughter. The plaintiffs claim under the will of said Aaron Jewett, which gave to his wife, the said Nancy Jewett, all his real and personal estate, except some specific legacies, to have and to hold the same during the term of her natural life, upon the condition that his two daughters, Sarah F. and Deborah L. Jewett, should be maintained therefrom, so long as they remained single, and after the death of his wife all to go to his two daughters, if single and unmarried, with some further provisions in case of the marriage or death of one or both of the daughters, not material now to state.

It is alleged in the bill, and admitted in the answers, that Nancy Jewett, who was appointed executrix by the will, accepted the trust and gave bond; and also accepted the provision made for her, with the conditions annexed; took possession of the estate, paid the debts and legacies, is still in possession of what remains, including the large homestead farm, which she cultivates and upon which she lives with her daughters, the said Sarah F. and Deborah L., who are still unmarried; that the will was proved September 15, 1852, and that she has ever since received the income of the farm and other property unexpended.

The bill also alleges that the said Nancy has been guilty of waste, in allowing a tenant occupying part of the homestead, and carrying on the farm upon shares, to cut and use fuel from the farm, and also in managing the tillage and other lands in an unhusbandlike manner; that she has received all the rents and income of the property, and applied the same to her own use, and has failed to furnish the said Sarah with the maintenance required by the will, specifying the deficiencies; and that the said Nancy, by reason of her great age and infirmities, is incapable of discharging the trust, and ought to be removed.

The answers admit the use of some wood by the tenant employed to cultivate the farm, but deny all waste in that respect, or any other; admit the receipts of the rents and profits, but say that the said Nancy has expended them all for the support of herself and two daughters; deny that she has failed to maintain the said Sarah, and deny that she is incapable of discharging the trust conferred upon her.

The case was heard upon the bill and answer, and all that is material to a correct understanding of the questions at issue, and not already stated, appears in the opinion of the court.

*Shapleigh,* for the plaintiffs, contended that the estate of

Nancy Jewett was lost by breach of condition, in not furnishing a support for Sarah F. Jewett, as she was bound to, whether the income was sufficient or not, and that she therefore should be compelled to come to an account of the rents and property received by her, for the benefit of the parties entitled. He argued, also, that in the use of the fuel she had committed waste, and ought to be restrained.

*W. W. Stickney,* for the defendants, contended that the said Nancy had supported the daughters, and had a right to the income without account, and cited *Marston* v. *Carter,* 12 N. H. 163.

BELLOWS, J. The plaintiffs in this case seek for relief on account of waste already committed; for an injunction to stay waste in the future; for a decree of forfeiture for breach of condition in neglecting to maintain the plaintiff, Sarah F. Jewett; for an account of the personal property received by said Nancy under the will, with the income thereof, and of the real estate, and that proper decrees be made to secure and preserve it for the benefit of the persons interested; and also that the said Nancy, having become incapable of discharging the duties of the trust, be removed, and another trustee be appointed; the bill also prays that the said Nancy be compelled to maintain the said Sarah, and to reimburse the sums of money expended by her, the said Sarah, for her own maintenance, by reason of the neglect of the said Nancy.

The position of Nancy Jewett being that of tenant for life, she is entitled to take from the land a reasonable quantity of wood for fuel, for the supply of herself and family upon the premises, to be cut in a prudent and proper manner. She may also, we think, include a reasonable supply for necessary servants employed to carry on the farm, and living in the same or another house upon the premises,

and it can make no difference in this respect whether such servants are paid by fixed wages, or by a share of the crops, as tenants at the halves. To carry on the farm, servants may doubtless be employed and reasonable fuel may be used for their suitable accommodation, and it can in no wise affect the remainderman or reversioner whether the persons so employed are paid by wages in money or a share of the crops, the real question being whether the tenant has used more than a reasonable quantity of wood for such purposes. The tenant for life may lawfully assign his interest to another, who will have the same rights. *Fuller* v. *Wager*, 7 N. H. 342. There can, therefore, be no objection in this case, that wood was used by a tenant of the said Nancy Jewett. In *Gardner* v. *Deering*, 1 Paige Ch. 573, it was held that a tenant in dower may take reasonable firewood not only for the house which she herself occupies, but for the house of her servant who cultivates the land, though living upon another tract adjoining. Tayl. Landl. & Ten., sec. 352; *Miles* v. *Miles*, 32 N. H. 147; *Webster* v. *Webster*, 33 N. H. 19; 4 Kent Com. 80; 1 Gr. Cru. 104; *Paddleford* v. *Paddleford*, 7 Pick. 152.

In the case before us the bill charges that the said Nancy had leased the farm and part of the house to one Bean, with a right to cut firewood on the farm, and that he has done so for his use, and that the said Nancy has also supplied her own fire with fuel from the same source at the same time. The answer denies any waste, but admits the lease to Bean, alleging that the expense of hiring hands to cultivate the farm was so great it was thought best so to lease it, and admits also that in cold weather said Bean used wood for a separate fire. But it is not alleged in the bill, nor does it appear in the answer, that an unreasonable quantity was used; therefore the plaintiffs are not entitled to a decree upon that ground, and so also in respect to the charge of bad husbandry, which is denied by the answer.

As to the prayer for a decree of forfeiture for breach of condition, by neglecting to maintain the plaintiff, Sarah F. Jewett, it may be regarded as an established rule that a court of equity will not enforce either a penalty or a forfeiture, and therefore it is contrary to the uniform course of the court to lend its aid to divest an estate for breach of condition subsequent. 2 Story Eq., secs. 1315, 1319, and authorities cited; *Livingston* v. *Tompkins,* 4 Johns. Ch. 431; 4 Kent Com. (9 Ed.) 147; Story Eq. Pl., sec. 521; and it has been held that a discovery will not be awarded when it will expose a party to a penalty or forfeiture. 2 Story Eq., sec. 1494; Story Eq. Pl. 525; 1 Dan. Ch. Pr. 443, 626. On the contrary, the books are full of cases where courts of equity relieve against forfeitures where compensation in damages can be made. 3 Dan. Ch. Pr. 1878; 4 Kent Com. 147; 2 Story Eq., secs. 1315 –1326. If discovery is sought of a fact that will expose defendants to a penalty or forfeiture, it is in general cause of demurrer, unless the complainant, being entitled to the penalty or forfeiture, expressly waives it in the bill. Story Eq. Pl., sec. 521; 1 Dan. Ch. Pr. 443. In this case there is nothing that distinguishes it favorably from the ordinary cases of forfeitures, or that would incline the court to aid in the rigorous exaction of the extreme right of the party, if any was shown to exist.

The case furnishes no evidence of the incapacity of the said Nancy Jewett, and there seems to be no call for interference on that ground, nor does the plaintiffs' counsel press that point.

In regard to the application for an account of the property and the income thereof, we see no occasion to decree it. Under some circumstances, where there is cause to fear that the property will be squandered or diverted to other than the legitimate uses, a bill with proper parties and in the nature of a bill *quia timet* may be maintained. But that is not the character of the proceedings here, nor

are these parties entitled to an account of the income of the property in the hands of the said Nancy Jewett. By the will the whole property is given to the widow during her life, upon the condition that she maintain the two daughters while unmarried. This gives her an estate for life in the property, both real and personal, as in *Miles* v. *Miles*, and *Webster* v. *Webster*, before cited. And the estate at once, on the death of the testator, vested in *her*, the condition annexed to the gift having nothing of the character of a condition precedent. As such tenant for life she was entitled absolutely to the income of the property and reasonable estovers, subject only to the charge of the maintenance of the two daughters. And on the other hand, whether the income was sufficient or not, she was bound to furnish such maintenance—the property being held by her upon that condition or subject to that charge— and having accepted the gift, she may be compelled to comply with the condition, by a resort to equity or by action at law. *Pickering* v. *Pickering*, 6 N. H. 120 ; *Veasey* v. *Whitehouse*, 10 N. H. 409. Such would have been the law had the property been wholly unproductive. The plaintiffs therefore cannot compel the defendant, Nancy Jewett, to come to an account of the rents and profits of the estate upon any grounds disclosed in this proceeding.

The support and maintenance which the mother was bound to furnish the daughters was such as would be suitable to their condition in life, and would be sufficient, if furnished at the residence of the mother in the family homestead. And the court would hesitate long before holding that such support was to be furnished the daughters without their lending any aid to the mother, in the discharge of her household duties, especially if in the lifetime of the father they had been accustomed to render such aid. Nor can we assent to the claim of the plaintiff, Sarah F. Jewett, that she is entitled to a separate apartment with fires and lights, at least upon any proof before

us, of the style of living to which the family was accustomed in the life-time of the father. It is sufficient, if she is provided with suitable accommodations in this respect and according to her condition in life. Nor do we conceive that she has just cause to complain that the farm has been leased with a part of the house to a person who is to cultivate it for a year upon shares, so long as suitable provision is made for her maintenance. On the contrary, we can conceive that it would be highly judicious and proper to do so. At least, there is nothing before us, either in the character of the lease or the management under it, that would authorize us to hold it inconsistent with the rules of good husbandry.

In respect to the other allegations of the bill that affect the plaintiff, Sarah Jewett, alone, the answers of the defendants are responsive, and distinctly deny them all, so far as they contain any equity, unless the allegation that the said Nancy has failed to furnish clothing for the daughter Sarah for the last five or more years, be an exception. The allegations in the bill are, that she has furnished the said Sarah with no clothing, or materials, or money for clothing, for that period, except a few small articles of small and insignificant value, though frequently requested. The answer admits that the said Nancy has not, since the year 1855, furnished the said Sarah with much clothing, or materials, or money for clothing, and assigns as a reason that her income since that time has been much reduced by the failure of the bank to pay dividends, and the failure of the apple crop; but the answer alleges that prior to that time she furnished her daughter Sarah with sufficient clothing and money with what she has since received, to supply her, with proper prudence and economy, with suitable clothing to the present time; and that since the death of the testator the said Sarah has received as much money and clothing as either of the defendants has expended for her clothing during the

same time, and that with the same prudence she might have been as well clothed to the present time. The case having been submitted on bill and answer, all the statements in the answer responsive to the bill must be taken to be true; and we cannot, therefore, find, contrary to the explicit statements in the answer, that the said Nancy has failed to furnish her daughter Sarah with suitable clothing, or materials or money for clothing, during the past five years; although the court cannot avoid entertaining some doubts upon the subject, in view of the claim in the answer that the said Nancy was bound to expend the income only of the property, and that she had not furnished much clothing, or money, or materials, from 1855, by reason of diminished income. Should the fact appear to be that suitable provision for the clothing had not been made, the want of sufficient income would furnish no legal excuse. But, as we must hold the answer to be conclusive against the plaintiffs, they are not entitled to a decree upon this ground; although, if desired, we should, upon terms, allow the plaintiffs to reply, and go to proofs.

Unless, then, this disposition is desired, the
*Bill must be dismissed.*