CHARLES S. FAIRCHILD and Others, as Executors, etc., of MARY A. EDSON, Deceased, Respondents, *v.* MARGARET B. EDSON, as Executrix, etc., of MARMONT B. EDSON, Deceased, Appellant, and Others.

*A bequest to one for the benefit of another cannot be sustained — corporate charter, when subject to the restrictions of chapter 319 of 1848 — will — an expression of a wish by a testatrix may create a trust — when a legacy is absolute.*

A bequest to an individual for the benefit of those incapable of taking the same is a fraud upon the law and cannot be sustained.

Where the charter of a corporation contains a provision to the effect that it shall be subject to all provisions of law in relation to devises by will, such provision makes the corporation subject to the limitations of chapter 319 of the Laws of 1848.

The construction of a will must be determined by the contents thereof, and cannot be affected by extrinsic evidence.

Although the expression of a wish or desire may sometimes operate to create a trust, or effect a charge, such expressions are by no means conclusive.

The will of a decedent contained the following provision: "The rest, residue and remainder of my estate not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living."

*Held,* that such clause was void and repugnant to the statute in that it had no such well-defined and ascertained beneficiaries that it could be enforced by a court of equity.

Such will also contained the provision : "If, by reason of want of incorporation, or for any other cause whatsoever, any society or institution named in this my will or in any codicil shall be unable to take the legacy intended for it, I give and bequeath such legacy absolutely to the person who shall be president of such institution or society, if it has a president, and if not, to the person who shall be its treasurer, if it has a treasurer, and if not, to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society."

*Held,* that such provision was in contravention of the statute, and void;

That, although the word "absolutely" was used in connection with the bequest, it was evident that the bequest was impressed with a trust;

That such bequest was not restricted by the limitations required by the statute in order that it might be held valid.

Such will contained the further provision: "If, for any reason, any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect, in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect, absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

*Held,* that it was apparent that it was the intention of the testatrix to give this residuary estate absolutely without limitation or restriction to her executors to do with as they pleased, and that the bequest was absolute and valid.

APPEAL by the defendant, Margaret B. Edson, as executrix, etc., of Marmont B. Edson, deceased, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of December, 1893, upon the decision of the court rendered after a trial at the New York Special Term.

*Treadwell Cleveland,* for the appellant.

*D. B. Ogden,* for the respondents.

VAN BRUNT, P. J.:

This action was brought by the executors of Mary A. Edson, deceased, for the purpose of obtaining a judgment construing and determining the validity of certain provisions of the will of the decedent, as modified by one of the codicils executed by her. The will was dated on the 2d of May, 1890, and was modified by three codicils, the first dated May 22, 1890, and the second and third on May 27, 1890. The testatrix died on the 29th of May, 1890, and the will and codicils were admitted to probate on the 14th of January, 1891, and the executors, the plaintiffs in this action, qualified as such on the 20th of January, 1891.

By the will in question, as modified by the codicil, the testatrix, after having made bequests to various corporations, provided as follows :

" If, by reason of an error in name or description, a question shall arise as to any beneficiary intended by me to be named, whether in my will or in any codicil, I direct such question to be determined by my executors.

" If, by reason of want of incorporation, or for any other cause whatsoever, any society or institution named in my will or in any codicil shall be unable to take the legacy intended for it, I give and bequeath such legacy absolutely to the person who shall be president of such institution or society, if it has a president, and if not, to the person who shall be its treasurer, if it has a treasurer, and if not, to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society.

" The rest, residue and remainder of my estate, not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living.

" If, for any reason, any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect, in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be

my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

By the second codicil the testatrix made certain bequests to corporations and others, and repeated the provisions above quoted. The first and third codicils have no bearing upon the questions involved.

It is now claimed upon this appeal that the residuary clause contained in the will and the second codicil as follows: "The rest, residue and remainder of my estate, not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated, religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living," is void because of uncertainty.

The learned court below sustained this provision of the will upon the authority of *Power* v. *Cassidy* (79 N. Y. 602). In the case cited the testator gave one-third of the rest, residue and remainder of the estate, both real and personal, to his executors to be divided by them amongst such Roman Catholic charities, institutions, schools and churches of the city of New York, as a majority of them should decide, and in such proportions as they might think proper. This bequest was held to be valid, because the beneficiaries were either named, or were capable of being ascertained within the rules of law which are applicable to such cases; and because the trusts were of such a nature that a court of equity could direct their execution.

It is to be observed that the bequest in the will cited was sustained upon the distinct ground that it was evidently intended to apply to incorporated bodies having a distinct denominational character, which was expressed without ambiguity or uncertainty ; and it was, as already stated, for this reason that the devise was upheld.

In the case of *Prichard* v. *Thompson* (95 N. Y. 76) a devise to executors in and upon trust to distribute to and among such incorporated societies organized under the laws of the State of New York or the State of Maryland, having lawful authority to receive and hold funds upon permanent trusts for charitable and educational

uses, as the executors should select for that purpose, and in such several sums as they, the executors, should determine, was held to be void because of indefiniteness ; and the case was distinguished from that of _Power_ v. _Cassidy_, because in the latter case the class of beneficiaries was specially designated and confined to the limits of a single city, and of a single religious denomination, so that each one could be readily ascertained, and each had an inherent right to apply to the court to sustain and enforce the bequest made. In the case at bar there are no such limitations, the only restrictions being that the society should be incorporated, and of the city of New York. It might be religious, benevolent or charitable, or all three combined, but it is not restricted to any denomination or any form of incorporation. Benevolent societies are exceedingly varied and diverse in their purposes and method of organization ; and it is impossible to say in the case at bar whether the various benevolent societies, under the head of benevolent orders, which are incorporated in this State, are to be included within the provisions of this will or not. It is restricted to no religious denomination, so that a test may be applied based upon religious faith, nor to societies incorporated under any particular or general law. But all religious, benevolent and charitable societies, no matter what their origin or their methods of procedure, so long as they embrace religious, benevolent or charitable features, apparently come within the terms of the clause in question. This, undoubtedly, is the making of an indefinite bequest, such as was condemned in the case of _Prichard_ v. _Thompson_, and which distinguishes the case at bar very materially from the case of _Power_ v. _Cassidy_, in which the power of selection was restricted and confined to the benevolent and educational incorporations of a single denomination. And we do not think, upon an examination of the subsequent adjudications, that there has been any tendency in the courts to extend the extreme rule laid down in the case of _Power_ v. _Cassidy_.

It seems to us, therefore, that the clause in question is repugnant to the statute in that it has no such well-defined and ascertained beneficiaries that it can be enforced by a court of equity.

It is also urged that the clause in the will which provides that

" If, by reason of want of incorporation, or for any other cause whatsoever, any society or institution named in my will or in any

codicil, shall be unable to take the legacy intended for it, I give and bequeath such legacy absolutely to the person who shall be president of such institution or society, if it has a president, and if not, to the person who shall be its treasurer, if it has a treasurer, and if not, to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society," is illegal and void.

This provision seems to be in contravention of the statute. Although the word "absolutely" is used in connection with the bequest, it is evident that the bequest is impressed with a trust, and that it is not restricted by the limitations required by the statute in order that it might be held valid. There was an attempt to bequeath to certain individuals in trust, for the purpose of application to the uses of institutions or societies which could not take under the will. This form of bequest is expressly condemned in the case of *O'Hara* v. *Dudley* (95 N. Y. 403) and also in the case of *Cottman* v. *Grace* (112 id. 299). In the case of *O'Hara* v. *Dudley* it was expressly held that a bequest to an individual for the benefit of those incapable of taking is a fraud upon the law and cannot be sustained.

The provision of the will under consideration was clearly of this character, and, therefore, comes within the rule above laid down.

The legacies to three corporations, which were upheld, are also attacked upon this appeal upon the ground that they came within the prohibition in respect to time contained in chapter 319 of the Laws of 1848. One of these corporations was organized under such laws; and the others had in their charters a provision to the effect that the respective corporations should be subject to all provisions of law in relation to devises by will. In the cases of *Kerr* v. *Dougherty* (79 N. Y. 327) and *Stephenson* v. *Short* (92 id. 443) it was held that such general provisions in the charter made the corporation subject to the limitations of the act of 1848. The legacies to these societies would seem, therefore, to be void.

The remaining provision of the will and codicil which is objected to is to the following effect:

" If, for any reason, any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail. or for any cause not take effect, in whole or in part, I give and

bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

This clause is attacked upon the ground that it creates a trust and comes within the condemnation of the case, which is sometimes improperly entitled *In the Matter of the Will of O'Hara*, but which ought to be entitled *O'Hara* v. *Dudley*, because the opinion relates almost entirely to questions which were presented by the case of *O'Hara* v. *Dudley*, and not to those which were presented in the *Matter of O'Hara*, the case of *O'Hara* v. *Dudley* being an action in equity to set aside and annul the residuary devise and bequest, or to establish a trust, which, failing as to the intended beneficiary, should result to those who would otherwise have taken by descent or distribution; an action of an entirely different character from the one at bar, which is brought for the construction of the will, which construction must be determined by the contents of the will itself and cannot be affected by extrinsic evidence.

That such was the character of the discussion in *O'Hara* v. *Dudley* is expressly asserted in the *Matter of Keleman* (126 N. Y. 73–79), where the court says that in the *O'Hara* case there was never any question of construction at all; that the opinion was based upon a bill filed claiming that the devise and bequest in the hands of the legatees was the product of a fraud upon the executrix and upon the law, and seeking relief against that fraud. The case of *O'Hara* v. *Dudley* is no authority whatever upon the question as to the construction of the will. This was expressly held in the *Matter of Keleman* (*supra*), the distinction according to the latter opinion being manifest, and requiring no explanation, although it requires a very close examination of the case of *O'Hara* v. *Dudley* to perceive the distinction pointed out in *In re Keleman*.

Upon an examination of the rules laid down in this latter case we are unable to distinguish that case from the one at bar. In fact it appeared in that case that the codicil was executed because the testatrix had been advised that there were doubts in regard to the validity of certain bequests for charitable purposes. The language

of the codicil was as follows: " Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will, dated February 18, 1889, by making my friend Townsend Wandell, my residuary devisee and legatee, and hereby request him to carry into effect my wishes with respect thereto ; but this is not to be construed into an absolute direction on my part, but merely my desire." And it was held that it was very evident that the testatrix did not intend to die intestate as to any part of her estate ; and having by her will given legacies to four charitable institutions, and to one of them her residuary estate, the purpose of the codicil was to carry that residue certainly and absolutely to an individual legatee, leaving him in that event to deal with the charities as he pleased. The court says : " It is true that the expression of a wish or desire may sometimes serve to found a trust, or effect a charge ; but such expressions are by no means conclusive. We must still examine the will to discover the testamentary intention. In the present case the testatrix expressly guards against a mistaken interpretation. She says that the expression of her wish is not to be construed as an absolute direction, by which she evidently means that while she desires that her residuary legatee shall deal with the charities as she would have been glad to, yet she does not mean to fetter his ownership or qualify his right. She leaves him absolute owner, and free to do as he shall choose. She puts him under no obligation, legal or equitable, but contents herself with the bare expression of a wish which she hopes will influence his free agency ; and so the bequest was absolute, and, therefore, valid on the face of the will." Certainly the language of the will in the case cited was as strong as the language in the case at bar ; and it is as apparent (if not more so) in the case at bar that it was the intention of the testatrix to give this residuary estate absolutely and without limitation or restriction to her executors to do with as they pleased ; so the bequest was absolute and, therefore, valid on the face of the will. She puts her executors under no obligation, as was said in the *Keleman* case, but contents herself with the statement that she is satisfied, or believes that they will follow what they believe to be her wishes. The language does not even contain a request, such as was embraced within the Keleman will, but is

a mere expression of opinion in respect to the disposition that her legatees would make of the money which was bequeathed to them.

We think that it is impossible, under such circumstances, to spell out a trust, and that the provision is in entire harmony with the idea that the testatrix intended to give this residuary estate absolutely to her legatees, without restriction or limitation, although she might desire that such residuary legatees should deal with the charities as she would have been glad to do. We are unable to distinguish this case from the case *In the Matter of Keleman*, above cited, and we think that the clause in question is valid.

The judgment appealed from should be modified in accordance with the views expressed in this opinion, with costs to all parties appearing to be paid out of the estate.

Follett and Parker, JJ., concurred.

Judgment modified as directed in opinion, with costs to all parties out of the estate.