George A. Cunningham, Respondent, v. Albert Parker et.
al., as Executors, etc., Appellants, et al., Respondents.

Where a devise contains a clause, in terms a condition, that the devisee pay
certain legacies, in the absence of any provision for re-entry or forfeiture,
or of anything to support an inference that the testator intended the
estate to depend upon performance of the requirement, the words used
will be held to import a covenant, not a condition.

D., by his will, after directing the payment of his debts by his executor,
and after giving various legacies, devised and bequeathed all the residue
of his estate, real and personal, to his son A., "on the condition and
proviso that he pay" the said legacies within four years after the death
of the testator, and the real estate so devised to A. was charged with
the payment of the same. A. was appointed executor; he accepted the
devise and went into possession of the real estate, but did not pay the
legacies within the four years. At the death of D. his personalty was.
insufficient to pay his debts. In an action brought by creditors of the
decedent under the Code of Civil Procedure (§ 1844, *et seq.*) to reach and
apply the real estate to the payment of their debts, *held*, that the failure
to pay the legacies did not work a forfeiture of the devise, nor did the
direction to the executor to pay the debts operate to charge the debts.
upon the land so devised to him.

A., before the commencement of the action, procured a loan from H., and
gave to him a mortgage upon the land to secure the same. H. took the
same in good faith and without actual notice of unpaid debts. *Held*,
that the lien of the mortgage was valid, and as between the holders
thereof and the creditors the former were entitled to a preference in the
payment of the mortgage out of the proceeds of the sale of the land.

(Argued April 17, 1895; decided April 30, 1895.)

Appeal from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made December 19, 1894, which affirmed a judgment in favor
of plaintiffs entered upon a decision of the court on trial at
Circuit.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Emory A. Chase* for appellant. Such a construction should
be given to the will as to prevent partial intestacy. (2 Redf.
on Wills, 442; *Schutt* v. *Moll*, 132 N. Y. 122; *Vernon* v.

*Vernon*, 53 id. 351; *Provost* v. *Calyer*, 62 id. 210; *Byrnes* v. *Baer*, 86 id. 210; *Van Derpoel* v. *Loew*, 112 id. 167.) The will should be so construed as not to disinherit an heir. (*Scott* v. *Guernsey*, 48 N. Y. 106.) Such a construction should be given to the will, if possible, as to avoid a forfeiture. (*Graves* v. *Deterling*, 124 N. Y. 447; *Johnson* v. *Gurly*, 5 Tex. 222; *Hoyt* v. *Kimball*, 49 N. H. 322; *Board, etc.*, v. *Trustees, etc.*, 63 Ill. 204; *Johnson* v. *Valentine*, 4 Sandf. 36.) Such a construction should be given to the will as to carry out the intention of testator. (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 154; *Bank of Montreal* v. *Ricknagel*, 109 id. 482; *Lindsey* v. *Lindsey*, 45 Ind. 552; *Graves* v. *Deterling*, 120 N. Y. 447; *Post* v. *Weil*, 115 id. 361.) The testator did not intend to make the payment of the legacies a condition precedent to the title vesting in Alexander. (*Post* v. *Weil*, 115 N. Y. 366; *Countryman* v. *Deck*, 13 Abb. [N. C.] 110; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 142; *Clement* v. *Burtis*, 121 id. 708; *Graves* v. *Deterling*, 120 id. 457.) The courts have already construed language similar to that in this will as a covenant and not a condition. (*Loder* v. *Hatfield*, 71 N. Y. 92; *Zweigle* v. *Holman*, 75 Hun, 377.)

*John A. Griswold* for respondent. By the condition of the devise of the farm to Alexander, the title to the farm under the will never did and never could vest in Alexander without performance of the conditions upon which it was devised. He was only devised the farm on the condition and proviso that he pay the legacies within four years after the death of the testator. (*Hogeboom* v. *Hall*, 24 Wend. 146; *Harris* v. *Fly*, 7 Paige, 421; *Birdsall* v. *Hewlett*, 1 id. 32; 4 Kent's Comm. 126–128; *Dodge* v. *Manning*, 1 N. Y. 298.) Whether the condition of the devise was precedent or subsequent, the land was vested in the heirs at law, and they were in possession at the time of the trial, and they only were interested in the proceeds. (*Plumb* v. *Tubbs*, 41 N. Y. 442; *Hogeboom* v. *Hall*, 24 Wend. 146; 4 Kent's Comm. 126, 130.) The debts of the testator were charged by the will on the real

estate devised. (*Reynolds* v. *Reynolds*, 16 N. Y. 257; *Brown* v. *Knapp*, 79 id. 136.) The debts of the testator in this case were charged on the real estate because the testator must have known that the personal estate was entirely insufficient to pay his debts. (2 Perry on Trusts, 570; *Munson* v. *Munson*, 8 Abb. [N. C.] 123.) Hamilton when he took the mortgage had constructive notice of the terms of the will, the immediate source of title of his grantor, and, therefore, was not a purchaser in good faith under section 1853 of the Code. (2 Pom. Eq. Juris. §§ 626, 627, 628; *Hogeboom* v. *Hall*, 24 Wend. 146; *Elwood* v. *Diefendorph*, 5 Barb. 398; *Harris* v. *Fly*, 7 Paige, 421; Code Civ. Pro. § 2633; 74 Hun, 278.)

FINCH, J. The plaintiff's complaint is framed for a recovery under the provisions of the Code allowing actions against devisees or heirs at law for the purpose of applying real estate descended or devised to the payment of the general debts of the intestate or testator. There are two modes of reaching that result, differing in the form and character of the proceeding, and also in the scope of the ultimate relief. Within three years from the granting of letters creditors may apply to the surrogate by a petition setting forth the prescribed facts and asking for a sale of the land and an application of the proceeds. Such a sale carries the title of the decedents, unaffected by the acts of heirs or devisees, except that where no letters have been issued within four years after the death of the testator or intestate a purchaser or mortgagee from an heir or devisee in good faith and for value is protected. (Code, § 2777.) This proceeding was not taken by the creditors, and the prescribed three years having elapsed could not be taken, and so the creditors resorted to the second method provided and brought this action under section 1837 and those which follow. But the resulting sale has a greater respect for the rights of those claiming under the heir or devisee than is given by the proceeding within three years before the surrogate. If the land has not been aliened the debt may be collected out of it, and the judgment as a lien has priority over

a judgment against the heir or devisee for his individual debt or demand (§ 1852), but the right of a purchaser in good faith and for value is explicitly saved and protected although he claims under the heir or devisee. (§ 1853.) With this understanding we are prepared to consider the character of the remedy in its application to the facts disclosed.

The debtor and testator was Daniel Whitford. By his will he made a devise to his son Alexander in these words: " I give, devise and bequeath unto my beloved son Alexander Whitford all the rest, residue and remainder of my estate, both real and personal, of what nature or kind soever, to have and to hold the same to him, his heirs and assigns forever, on the condition and proviso that he pay to the above-named legatees respectively the legacies herein given within the period of four years after my decease, without interest; and the real estate so devised to my son Alexander Whitford is charged with the payment of the same." This devise the son accepted and went into possession of the land, becoming thereby liable to payment of the legacies, amounting to about one thousand dollars. Letters testamentary were issued to Alexander June 25, 1888. He borrowed of one Hamilton on April 1st, 1890, the sum of $2,200, and secured the loan by his bond and a mortgage on the land devised, in which his wife joined. Hamilton is dead, but his executors defend in his behalf. Alexander is dead, leaving a widow and one daughter, Eldora, who is made a defendant. After his death the heirs of Daniel claimed the land as forfeited to them because of Alexander's omission to perform the condition of paying the legacies within the prescribed four years, and were let into possession under an arrangement not at all material since the mortgagee, whose rights are here involved, was no party to it and unaffected by it. Under a decree in this action the land has been sold, and the sole remaining controversy is over the priority of right in the proceeds as between the general creditors of Daniel and the holders of the Hamilton mortgage. The courts below have given a preference to the creditors, proceeding upon the theory that the devise to Alex-

ander was forfeited and the land descended to the five heirs of Daniel, of whom Alexander was one, and that as to four-fifths of the land the Hamilton mortgage was never a lien.

It was conceded, at least by the respondent's line of argument, that the judgment preferring the creditors to the mortgagee can only be sustained upon one of two theories: either that Alexander lost the premises by forfeiture, or that the general debts were by the will charged on the land. In the one case the mortgage lien is gone as to four-fifths of the land, and in the other is made by the will subject to the priority of the creditors; but if neither proposition be correct, it follows that the mortgagee, who has been found to have taken the security in good faith and for value and without actual notice of unpaid debts of the testator, can hold and enforce his lien against the creditors in the present action.

There is no room for reasonable doubt that the devise to Alexander, whether the condition of payment of legacies be deemed precedent or subsequent, did not involve a forfeiture as the consequence of a failure to pay. The whole subject was considered in *Graves* v. *Deterling* (120 N. Y. 447) and the authorities reviewed, and the existing rule was affirmed that where there is no provision for re-entry or forfeiture and nothing to support an inference that the estate was intended to depend upon performance of the condition the words used will be held to import a covenant and not a condition. Here there is no express provision for a forfeiture, no disposition consequent upon such a result or contemplating it in any manner, but on the contrary an explicit charge of the legacies upon the land in the hands of the devisee.

Nor is there any reasonable doubt that the will in this case did not, by its terms or language merely, operate to charge the debts upon the land. The contention of the learned counsel for the respondent is that the will first directs payment of debts and expenses by the executor, and then after bequeathing certain legacies gives the rest, residue and remainder to Alexander, who is made executor, and that the direction to him to pay operates to charge the debts upon the

land.   There are some early cases which the learned counsel cites tending toward his conclusion, but the subject has been since discussed in this court in a great many aspects and the rule declared that such language, in and of itself, is not sufficient to produce the charge.   In *In re Rochester* (110 N. Y. 159), that was said although there was the usual formal clause directing payment of debts, a general residuary clause, and an appointment as executor of one of the devisees of such residue.   And the general subject was further discussed in *Brill* v. *Wright* (112 N. Y. 130).   While it appears that at the death of Daniel Whitford his personal estate was insufficient to pay debts, it is not shown what his financial condition was when he made his will, or the disproportion, if any, between debts and assets.   No such extrinsic facts were proved as to warrant the inference claimed, even if the question as to debts is identical with that as to legacies.   (*Briggs* v. *Carroll*, 117 N. Y. 288.)   Indeed, the plaintiff's complaint itself alleges that none of the debts were charged upon the land.

It follows that the distribution made proceeded upon a wrong principle and disregarded the rights of the mortgagee.

The judgment should be reversed so far as appealed from and a new trial granted, with costs to abide the event.

. All concur.

Judgment reversed.
_____