Judgment reversed, new trial ordered, costs to appellant to abide event.

---

In the Matter of Proving the Last Will and Testament of ROSA RAAB, Deceased.

·CHARLES HERRLICH, Proponent, Appellant; FREDERICK PFISTERER and Others, Respondents.

*Will* — *bequest of a residuary estate to an executor in consideration of defraying the funeral expenses of the testatrix and keeping her burial plot in good condition* — *its acceptance creates a condition or implied covenant, not a trust.*

A will by which the testatrix bequeaths her residuary estate, consisting of certain moneys, as follows, " To my executor, hereinafter named, in consideration of defraying my funeral expenses and keep my burial plot in good condition," does not create a trust in the executor or a limitation upon the amount the executor is to receive, but vests in him the title to the residuary estate, subject to the duty to comply with the terms of the gift.

*Semble,* that a trust for the purposes mentioned in the will would be invalid.

*Quære,* whether the obligation imposed on the executor creates a condition subsequent, or an implied covenant by which the executor becomes bound upon accepting the bequest.

APPEAL by the proponent, Charles Herrlich, who is also the residuary legatee and executor named in the last will and testament of Rosa Raab, deceased, from so much of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 27th day of May, 1898, as adjudges "that the intention of the testatrix in making the disposition contained in the will by which she gives her residuary estate to Charles Herrlich was merely to devote so much of the funds or property affected by the disposition as are properly applicable thereto, to the care of her burial plot, and to defray the expenses of her funeral and burial; that the balance of the decedent's estate, after the payment of her lawful debts, is not disposed of by the said will, and is to be distributed as in case of intestacy."

*George M. S. Schulz*, for the appellant.

*George Bell* and *Charles Maitland Beattie*, for the various respondents.

RUMSEY, J.:

Rosa Raab died on the 1st of May, 1897. Her will was presented for probate soon after, and on the 27th of May, 1898, a decree of the surrogate was made admitting it to probate and construing its residuary clause. From so much of the decree as contains the construction of that clause, the executor, who was the proponent, appeals.

In her will, Mrs. Raab made two bequests, and then follows the residuary clause, which is the one in dispute and which reads thus: " All the rest, residue and remainder, consisting of moneys deposited by me in the Citizens' Savings Bank, Bowery Savings Bank, Dry Dock Savings Bank and German Savings Bank, and the money due after my decease from the Metropolitan Life Insurance Co. I give and bequeath unto my executor hereinafter named in consideration of defraying my funeral expenses and keep my burial plot in good condition." The decree of the surrogate determined that the intention of the testatrix in making that disposition was merely to devote so much of the funds or property affected by the disposition as are properly applicable thereto to the care of her burial plot and to defraying the expenses of her funeral, and that the remainder of the decedent's estate is not disposed of by the said will, and is to be distributed as in the case of intestacy. The executor, who was named as the residuary legatee, insists that the bequest is to him, either upon condition that he defray the funeral expenses and keep the burial plot of the testatrix in good condition, or that it involves a covenant on his part to perform those things.

That the bequest is sufficient in form to vest the executor with an estate in the property, there can be no doubt. (*Fairchild* v. *Edson*, 77 Hun, 298.) If that bequest shall be construed as a trust, it is undoubtedly void, as is claimed by the respondent. (*Holland* v. *Alcock*, 108 N. Y. 312.) It is a well-settled rule of law that no provision of a will should be construed in such a way as to make it invalid, if such a construction can be avoided. (*Greene* v. *Greene*, 125 N. Y. 506.) Such a construction is not required by the terms of this will. The gift to the executor is plain and clear, and the

clause following it, by the terms of which he is required to pay the funeral expenses of the testatrix and to keep her burial plot in good condition, is not a limitation of the amount that he is to receive, but is to be construed either as a condition subsequent upon which he is to take the estate, or as implying a covenant by which he will be bound in case he accepts the bequest. (*Cunningham* v. *Parker*, 146 N. Y. 29.) In either case, it requires that the executor take title to the estate. Whether it is to be construed as a covenant or as a condition, it is not necessary to decide at this time. All that we decide is that the effect of the bequest is to vest the title to the residuary estate in the executor, subject to the duty to pay the funeral expenses of the testatrix and to keep her burial plot in proper condition.

The decree of the surrogate should be modified in accordance with the views expressed in this opinion, and as so modified affirmed, with costs to the appellant.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Decree modified as directed in opinion, and as modified affirmed, with costs to the appellant.