## In re RAAB'S WILL.

### HERRLICH v. PFISTERER et al.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

WILLS—RESIDUARY CLAUSE—CONSTRUCTION.

    . A clause in a will providing that the residue of testator's estate, consisting of deposits in banks and insurance money, "I give and bequeath unto my executor hereinafter named, in consideration of defraying my funeral expenses, and keep my burial lot in good condition," vests title in the executor, subject to the condition.

Appeal from surrogate's court, New York county.

Charles Herrlich, executor of the will of Rosa Raab, presented it for probate, to which Frederick Pfisterer and others filed objections. From so much of the decree as construes the residuary clause of the will, the proponent appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George M. S. Schulz, for appellant.
George Bell and Charles Maitland Beattie, for respondents.

RUMSEY, J. Rosa Raab died on the 1st of May, 1897. Her will was presented for probate soon after, and on the 27th of May, 1898, a decree of the surrogate was made admitting it to probate and construing its residuary clause. From so much of the decree as contains the construction of that clause, the executor, who was the proponent, appeals.

In her will Mrs. Raab made two bequests, and then follows the residuary clause, which is the one in dispute, and which reads thus:

"All the rest, residue, and remainder, consisting of moneys deposited by me in the Citizens' Savings Bank, Bowery Savings Bank, Dry-Dock Savings Bank, and German Savings Bank, and the money due after my decease from the Metropolitan Life Insurance Company, I give and bequeath unto my executor hereinafter named, in consideration of defraying my funeral expenses, and keep my burial plot in good condition."

The decree of the surrogate determined that the intention of the testatrix in making that disposition was merely to devote so much of the funds or property affected by the disposition, as are properly applicable thereto, to the care of her burial plot and to defraying the expenses of her funeral, and that the remainder of the decedent's es-

tate is not disposed of by the said will, and is to be distributed as in the case of intestacy. The executor, who was named as the residuary legatee, insists that the bequest is to him either upon condition that he defray the funeral expenses and keep the burial plot of the testatrix in good condition, or that it involves a covenant on his part to perform those things. That the bequest is sufficient in form to vest the executor with an estate in the property there can be no doubt. Fairchild v. Edson, 77 Hun, 298, 28 N. Y. Supp. 401. If that bequest shall be construed as a trust, it is undoubtedly void, as is claimed by the respondents. Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305. It is a well-settled rule of law that no provision of a will should be construed in such a way as to make it invalid, if such a construction can be avoided. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739. Such a construction is not required by the terms of this will. The gift to the executor is plain and clear, and the clause following it, by the terms of which he is required to pay the funeral expenses of the testatrix and to keep her burial plot in good condition, is not a limitation of the amount that he is to receive, but is to be construed either as a condition subsequent upon which he is to make the estate, or as implying a covenant by which he will be bound in case he accepts the bequest. Cunningham v. Parker, 146 N. Y. 29, 40 N. E. 635. In either case, it requires that the executor should take title to the estate. Whether it is to be construed as a covenant or as a condition, it is not necessary to decide at this time. All that we decide is that the effect of the bequest is to vest the title to the residuary estate in the executor, subject to the duty to pay the funeral expenses of the testatrix and to keep her burial plot in proper condition.

The decree of the surrogate should be modified in accordance with the views expressed in this opinion, and as so modified affirmed, with costs to the appellant. All concur.