(34 Misc. Rep. 39.)

## In re MURRAY'S WILL.

(Surrogate's Court, New York County. February, 1901.)

WILLS—TRUST—INDEFINITE TIME—OBJECT—CONSTRUCTION.

     By her will, a testatrix, in terms, gave, devised, and bequeathed the remainder of her estate to her executor, in trust to invest, keep invested, and pay the principal and income thereof towards the purchase of a plot in a cemetery, and to the erection of a monument, and the care of said plot and monument, as her executor might see fit to make payments therefor. *Held*, that such clause was void, since it was an attempt to create a trust which should bind her residuary estate for an indefinite period of time, not measured by any specified lives, and for a purpose not religious, educational, charitable, or benevolent.

Application to determine the validity of the residuary clause in the will of Mary Murray, deceased.

David Thornton, for executors.

M. J. Sneudaira and Andrew F. Murray, for contestant.

THOMAS, S. In the proceeding to prove the will of the deceased, the validity of the residuary clause is asked to be determined. This clause is in the following words:

"Eleventh. All the rest, residue, and remainder of my estate I give, devise, and bequeath to my executor, in trust to invest, keep invested, and pay the principal and income thereof towards the purchase of a plot in Calvary, or other cemetery, Calvary being my choice, and to the erection of a monument, and the care of said plot and monument, as my said executor may see fit to make payments therefor."

By this provision, the testatrix attempted to create a trust which should bind her residuary estate for an indefinite period of time, not measured by any specified lives, and for a purpose not religious, educational, charitable, or benevolent, for the benefit of indefinite unknown persons who might be employed by her executor or his successor, at his discretion. Such a trust is void. Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305; In re Raab's Will, 42 App. Div. 141, 58 N. Y. Supp. 1043; Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568. It is not a direction to the executor concerning the expenditure of a specified sum of money for an interment of a kind approved by the decedent, and in accordance with her means, and so not within In re Frazer, 92 N. Y. 239. The executor will, of course, be charged with a duty to attend to the proper interment of the testatrix, but the clause in question is not divisible into parts, and is entirely void.

Decreed accordingly.