The plaintiffs are entitled to recover the original amount of the altered note, $20. Negotiable Instruments Law, Laws 1897, p. 745, c. 612, § 205.

Judgment reversed, and a new trial in Municipal Court ordered at a time to be fixed in the judgment. Costs for plaintiffs appellants to abide the event of the action, which may be included in any subsequent judgment in the Municipal Court.

Judgment reversed, and new trial ordered, with costs to plaintiffs appellant to abide the event.

---

(40 Misc. Rep. 433.)

### In re MURRAY'S ESTATE.

(Surrogate's Court, New York County. April, 1903.)

1. EXECUTOR—ACCOUNTING.
   Where, on the contest of a will, the contestant alleged that the main provision of the will was void, and that the executor was an unfit person, the account of the latter should not be surcharged with the difference between the rent of a warehouse to store the goods of the decedent and the rent of the apartments in which she died and in which he allowed her goods to remain.

2. SAME—EMPLOYMENT OF COUNSEL.
   An executor cannot employ counsel to perform services which he can perform without such assistance.

In the matter of the estate of Mary Murray or Totten. Motion to confirm report of referee. Modified and confirmed.

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 455.

David Thornton, for executor.
Andrew F. Murray, for objectant.

THOMAS, S. While it may be true that the apartment occupied by the testatrix was held on a letting from month to month, and the executor could have effected a saving by removing the furniture to a storage warehouse before the will was proved or letters testamentary were issued to him (People ex rel. Gould v. Barker, 150 N. Y. 52, 44 N. E. 785), I do not think that he can, at the instance and for the benefit of the contestant, be punished for his failure to do so. The delay in the probate was caused by the contestant, who alleged that the will, or its most important provision, was void, and that the executor was unfit to administer the estate. Under such circumstances the contestant is not justified in complaining that the executor omitted to assert rights of control over the property, or to hazard a litigation with the landlord and another with him, merely for the purpose of effecting a small economy in storage charges, while his right to letters testamentary was in dispute and undetermined. The report of the referee as to this item is modified and the executor's account is surcharged in the sum of $22.50, being the difference between the rent for July, 1901, and the cost for storage for that month, letters having been issued to him in June.

The controversies relative to this estate have been conducted with great zeal, and the finding of the referee is that the services rendered by the attorney for the executor were reasonably worth the sums charged for them. With this finding I agree. The will was drawn by the attorney for the executor, and the residuary clause was adjudged void. 34 Misc. Rep. 39, 69 N. Y. Supp. 491. In the opinion of the referee he suggests this as a reason for striking off $150 from the attorney's fee for services in the probate proceeding. If this could be done, it must be upon the ground that the executor has a valid cause of action for damages, which it was his duty to urge by way of counterclaim. If he has such a cause of action, and if it is not barred by the statute, and if it would be a proper counterclaim to a claim against the executor for services rendered to him, he has not asserted it, and no one has urged that he be punished for not doing so. The person who is now getting the larger part of the estate, and who appears as sole contestant, bases his claims on the invalidity of the will, and, even if it be conceded that the attorney was in fault in preparing the instrument, he was greatly benefited by the error, and is in no position to ask damages. Among the services performed and charged for by the attorney there were some which should, in strictness, have been performed by the executor himself, without professional assistance. I cannot agree with the referee in estimating the value of these services at $300. Having in mind the fact that the contestant was represented by an active and vigilant lawyer, prepared to criticise every fault, I estimate the value of the services of this class at $50. The referee's report is modified in this respect by deducting only $50 from the amount of the attorney's charges. In all other respects the report of the referee is confirmed. Tax costs and settle decree on notice.

Decreed accordingly.