Matter of the Estate of RICHARD P. BLOSS, Deceased.

(Surrogate's Court, Saratoga County, July, 1917.)

Transfer tax — what subject to — computation of — life estates — dower — wills — trusts.

> Where decedent's widow in addition to a life estate in all his property for the support of herself and son is given the right to use so much of the principal as may be necessary for such support in case the income of the estate computed at five per cent on the principal shall at any time fall below $1,500, and at her death the remainder of the estate is left in trust for the life use of the son, at whose death the residue is to be paid to his issue, if any, if none, then to nephews and a niece, the value of the widow's dower, there being no intent manifest on the face of the will putting her to an election between dower and the legacy, will be deducted before computing the transfer tax.

> The life estate of the son in the remainder of the estate after the death of the widow is also subject to a transfer tax.

APPEAL from order of Surrogate's Court of Saratoga county assessing transfer tax upon estate of decedent.

B. D. Esmond, for State Comptroller.

Moore & McGinity, for Elizabeth P. Bloss.

OSTRANDER, S. Decedent left realty valued at $7,000 and personalty worth $63,530.33. This is largely invested in various industrial and public service stocks and bonds.

The will gives the widow life use of all his property for support and maintenance of herself and son. She is also given a right to use so much of the principal as may be necessary for the support of herself and

son, in case the income of the estate computed at five per cent. upon the principal shall at any time fall below $1,500.

After the widow's death the remainder of the estate is left in trust, for the use of the son Richard P. Bloss, Jr., for life, and, at his death, the residue is to be paid to the son's issue, if any, if none, then to nephews and a niece.

The appraiser allowed the widow an exemption of $5,000, taxed her $25,000 at one per cent and $7,275 at two per cent. The son was exempted $5,000, taxed $11,305 at one per cent and the contingent remainder taxed at five per cent.

The lowest rate at which the contingent remainder could be taxed is one per cent, and the highest five per cent, making a difference of $591.32 which the order directs to be held by the county treasurer as provided by section 240 of the Tax Law.

Appellant insists that the value of the widow's dower should have been deducted before computing the tax.

The widow is entitled to dower unless

(1) The legacy is specifically stated to be in lieu of dower which is not the case here.

(2) Upon the face of the will an intent is clearly manifest that she shall not take both dower and legacy.

Under the rules of *Konvalinka* v. *Schlegel,* 104 N. Y. 125; *Purdy* v. *Purdy,* 18 App. Div. 310; *Glaser* v. *Glaser,* 67 id. 132 and cases therein cited, there is no intent manifest on the face of the will to put the widow to her election.

The dower should have been deducted by the appraisers before assessment of the tax.

Appellant also urges that the appraiser erred in taxing the life estate of Richard P. Bloss, Jr.

Under section 222 of the Tax Law, taxes upon trans-

fers limited, conditioned, dependent or determinable upon the happening of a contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer, shall be payable only when the persons entitled shall come into actual possession.   Section 230 of the Tax Law provides that when the transfer depends upon the happening of a contingency by which it may be created, defeated, abridged or extended, it must be taxed at the highest rate possible on such happening and the tax be payable forthwith.   Provision is made for refund of any excess, if a contingency occurs which would make the transfer taxable at a lower rate.

These provisions seem to be squarely contradictory and were the question open the doubt should be resolved in favor of the citizen and against the authority of the state to make such a possible forced loan, but *Matter of Vanderbilt,* 172 N. Y. 69, and *Matter of Brez,* id. 609, seem to be conclusive for the immediate taxing of such transfers.   The strongest minority of the court opposed this view, in the former case, and in the latter case the statute was criticised as unfair, but the right of the legislature to tax with a strong hand has been upheld and this court has no power to do otherwise.   The order taxing the life estate must be affirmed.

Order affirmed.