In the Matter of the Judicial Settlement of the Account of Proceedings of DORA LAKNER and NATHAN FRIEDMAN, as Executors, etc., of HERMAN LAKNER, Deceased.

Surrogate's Court, Bronx County, July 6, 1925.

**Wills — construction — bequest in lieu of dower — specific bequest and devise of residuary estate in trust for wife construed as in lieu of dower.**

A will devising to the wife of the testator a specified sum, and also devising the residuary estate, both real and personal, in trust for the benefit of the wife, is construed as containing a devise in lieu of dower.

PROCEEDING for accounting by executrix and executor involving construction of will.

*Feltenstein & Rosenstein*, for the petitioner.

*Nathan Friedman*, in person.

SCHULZ, S.:

Upon the accounting in this estate, the court is requested to construe the will and to determine whether the provisions in favor of the widow made it incumbent upon her to elect whether she would accept them or insist upon her dower in the real estate of which her husband died seized.

The widow's inchoate right of dower became absolute upon the decedent's death and unless his will shows an intent that the pro-

visions made for her shall be in the place of her dower, she may receive both and is not obliged to elect.

Two paragraphs of the will contain provisions for the widow and provide as follows:

"*Second.* I give, devise and bequeath unto my beloved wife, Dora, the sum of Twenty thousand ($20,000) dollars.  *   *   *

"*Thirteenth.* All the rest, residue and remainder of my estate, whether real, personal or mixed, I give, devise and bequeath to my executors and trustees hereinafter named, to be held by them in trust, for the following purposes and uses, to wit:— to pay the income of the said fund to my beloved wife Dora, at such time or times, as she may desire the same, and if the income of the said trust fund does not amount to at least Five thousand ($5,000) dollars, per annum, then she shall receive a sum equal to the difference between the income and the sum of Five thousand ($5,000) dollars, out of the principal, of the said trust fund.  It being my wish and desire that my said wife shall receive out of said fund, whether income or principal, at least Five thousand ($5,000) dollars, per annum.  Upon her decease, 25% thereof shall be distributed by the trustees or the survivors of them to various Jewish Charities, in such amounts and to such Institutions as they may deem fit and proper; the balance 75% of the said fund, may be disposed of by will of my said wife Dora."

The rest of the will contains the usual provision with respect to the payment of debts, funeral and testamentary expenses, a number of general legacies to various persons and a clause appointing executors and trustees, and gives them the right " to sell, deed or otherwise dispose of " the decedent's property.

It will be observed that there is no statement in the paragraphs quoted to the effect that the legacies to the widow are in lieu of dower.  If such was the decedent's intent, therefore, it must be gathered from the language of the provisions quoted and referred to, and is not evidenced by any direct specific statement to that effect.

The fact that the widow is given the income of the residue of the estate for life, of itself, does not show an intent on the part of the decedent that such gift is to be in lieu of dower.  (*Lewis* v. *Smith*, 9 N. Y. 502.)   Nor does the fact that the principal may be invaded indicate such a wish by the decedent.  (*Matter of Bloss*, 100 Misc. 643; cases cited in *Matter of Ellinger*, 120 id. 276; *Matter of Hollmann*, 125 id. 790.)   The creation of a trust, however, which requires that the entire title free from the dower interest, shall be vested in the trustees in order to effectuate the purpose of the testator, has been held to show an intention

on his part that the provisions, if accepted, be in lieu of dower. (*Savage* v. *Burnham*, 17 N. Y. 561, 577; *Tobias* v. *Ketchum*, 32 id. 319, 325; *Asche* v. *Asche*, 113 id. 232, 235; *Vernon* v. *Vernon*, 53 id. 351; *Matter of Gorden*, 172 id. 25, distinguishing *Konvalinka* v. *Schlegel*, 104 id. 125, 130.)

The trust established in this will appears to me to be of the kind referred to in the cases. In addition to the fact that the trustees are to distribute the income and hence must have the control of the property and that they have a power of sale, the manner of distribution of the reminder of the trust fund is a strong indication that this is so.

I accordingly conclude that the benefits provided for the widow are in lieu of her dower in the testator's estate and that a case for an election is presented. Settle decision and decree accordingly.