In the Matter of the Estate of Robert G. Reese, Deceased.

Surrogate's Court, New York County, May 3, 1928.

Wills — construction — bequest of entire residuary estate in trust for benefit of widow is inconsistent with dower — widow must elect — devise to nephew of contents of house and testator's medical practice, together with free rent for five years, burdened with payment of taxes, interest on mortgage and upkeep, and which also provides that devisee will pay twenty per cent of net proceeds to widow, is covenant and not condition — nephew takes property subject to covenant and is not required to give bond.

The testator devised all his residuary estate in trust for the benefit of his wife for the term of her natural life, but the will did not contain any express direction that the income from the trust should be in lieu of dower.

The provisions of the will setting up the trust are incompatible with the right of dower, and, therefore, the widow must elect whether she will take her dower or the benefit provided by the will.

The testator devised to his nephew the contents of a house and also his medical practice, together with the sum of $20,000 and all moneys owing by the nephew to the testator. The will also provides that the nephew shall not pay rent for five years, but that he must pay taxes, interest on mortgage and upkeep. And it further provides that the nephew " shall pay to my beloved wife　*　*　* Twenty per cent (20%) of the net proceeds of practice of medicine until her death."

The provision in reference to the payment of twenty per cent is a covenant and not a condition of the payment of the legacy, and the nephew is not required to give a bond or security to guarantee the payment of such percentage of the proceeds and the annual charges against the premises.

The acceptance of the gift carries an agreement on the part of the nephew which is binding and enforcible to carry out the provisions for the benefit of the widow and the estate.

Proceeding for construction of will.

*Murray, Aldrich & Roberts*, for the petitioners.

*Carter, Ledyard & Milburn*, for the respondent.

*Hays, St. John, Abramson & Schulman* [*Arthur G. Hays* and *Albert E. Kane* of counsel], for Louise Del 'Aigle Reese.

O'Brien, S.　The questions raised in this construction proceeding are disposed of as follows:

(1) Testator, by the 2d paragraph of his will, devised and bequeathed his entire residuary estate, real and personal, to his executors and trustees, in trust, to pay the income derived therefrom to his widow during the term of her natural life, with remainders over.　No express direction that the provisions for the widow were to be in lieu of dower was contained in the will.　The widow

claims to be entitled to dower in addition to the benefits provided for her therein.  It is well settled that dower is favored unless it appears that the provisions in a will for the benefit of a widow are clearly incompatible with a claim of dower.  (*Konvalinka* v. *Schlegel*, 104 N. Y. 125.)  In the latter event she must elect to take either the one or the other.  The provisions for the widow in this will are in my opinion clearly incompatible with the right of dower. The legal title to the real property is given to the trustees.  They are granted " full power and authority to sell, mortgage and lease, or otherwise dispose of my estate, real and personal, and to give complete title thereto."  Thus by this language the management, operation and control of the real property is vested in the trustees. It has been long settled by our decisions that where real estate is devised in trust, with the right to sell, mortgage and lease the same, such provisions are inconsistent with the right of the widow to manage or control any part of the real estate, and are, therefore, inconsistent with the claim of dower.  (*Savage* v. *Burnham*, 17 N. Y. 561; *Tobias* v. *Ketchum*, 32 id. 319; *Vernon* v. *Vernon*, 53 id. 351; *Matter of Gorden*, 172 id. 25; *Matter of Lakner*, 125 Misc. 654; *Matter of Walsh*, 126 id. 479.)  Moreover, the power granted to the trustees by the will " *to give complete title* " to the real estate, and the use given to decedent's nephew by paragraph 1 of the will, of the premises located at 50 West Fifty-second street, New York city," free of rent " for five years, are provisions entirely inconsistent with the claim of dower, and further evidence testator's intention that the benefits for the widow under the will were to be in lieu of dower.  Complete title to the real estate could certainly not be conveyed by the trustees nor could the above-mentioned premises be occupied by the testator's nephew " free of rent " if attached to the real estate was the widow's right of dower.  The widow must, therefore, be put to her election.

(2) Paragraph 1 of the will reads as follows:

" *First.* I give and bequeath to my nephew, Dr. Algernon B. Reese, the contents of my house 50 West 52nd Street, New York City, my medical practice, the sum of Twenty thousand ($20,000) and all sums for which he may be indebted to me.  For five years after my demise my nephew, Algernon B. Reese, shall have the house at 50 West 52nd Street, New York City, free of rent, but must pay taxes, interest on mortgage and upkeep.  He shall pay to my beloved wife Louise del 'Aigle Reese, Twenty per cent (20%) of the net proceeds of practice of medicine until her death."

It is claimed by the petitioners, the executors of the will, that the legacy of $20,000 bequeathed to testator's nephew, Dr. Algernon B. Reese, is conditioned upon the payment to testator's widow of

twenty per cent of the net proceeds of the practice of medicine; that, therefore, the said nephew should be required to give a bond or other security to the petitioners to guarantee the payment of such percentage of the proceeds, and also a bond or security to guarantee the payment of the annual charges against the premises during the time that he occupies the same. There is no provision in the will whatsoever regarding the furnishing of any bond or security. The language of paragraph " first " is clear and decisive. It imports an absolute gift. The provision that the nephew shall pay to the widow twenty per cent of the proceeds of the practice of medicine until her death and that he shall pay the taxes, interest on mortgages and upkeep of the premises which he is permitted to occupy is not, by the terms of the will, a condition of the payment of the legacy to him. There is no provision for forfeiture and a gift over in case of non-performance by the legatee, nor does the vesting of the bequest in the legatee under the will depend upon performance. The words used must be held to import a covenant and not a condition. (*Cunningham* v. *Parker*, 146 N. Y. 29.) The acceptance of the gift by the testator's nephew merely carries with it a covenant or agreement on his part, binding and enforcible in effect, however (*Loder* v. *Hatfield*, 71 N. Y. 92), to carry out the provisions for the benefit of the widow and the estate. I hold, therefore, that in the absence of any intent disclosed in the will requiring that security be furnished, no bond will be required of the legatee.

Submit decree on notice construing the will accordingly.