In the Matter of the Estate of Minta N. Watson, Deceased.

Surrogate's Court, Albany County, December 18, 1933.

*Signor, Reed & Signor*, for Marian Palmer.

*Edward C. Conway*, for Winifred McCormack.

Rogan, S.   On this accounting proceeding construction is asked of the last clause of decedent's will, which reads: " Marian Palmer must pay Winifred McCormack, my sister twenty dollars per week as long as she lives."

The question has arisen as to whether this clause creates a trust or a lien in favor of Winifred McCormack, so as to justify security

being furnished when Mrs. Palmer accepts and receives her benefits under the will. This provision follows that in favor of Marian Palmer which reads as follows: " Dudley Norton to make an even division of every thing not mentioned herein between himself and Marian Palmer not selling any thing except Albany house and any other real estate I may own."

Whether the provision in question is a condition or a covenant depends upon the intention of the testatrix as expressed in her written words. No particular words are necessary to create a condition or covenant. In fact the same words may be employed in either instance, and it is only by looking to the will itself and construing it in the light of the peculiar circumstances surrounding it, that the scheme is disclosed and the intention of the testator gathered from the general situation. (*Collister* v. *Fassitt*, 163 N. Y. 281.) It is generally said that conditions subsequent are not favored in law, but if they are plainly expressed they will be enforced. Unless we are able to find in the language of the will words indicating a testamentary intention to impose a condition upon Mrs. Palmer's legacy thereunder, we cannot assume that the words used were intended to support an inference that the gift was intended to import a condition and not a covenant. (*Cunningham* v. *Parker*, 146 N. Y. 29.) Here we have a very simple and plain direction. There are no ambiguous words. There is no provision for forfeiture or a gift over in case of non-performance by the legatee, nor can it be said that the vesting of the bequest in Mrs. Palmer depends upon performance. It has long been the established rule in this State that where there is no provision for re-entry or forfeiture and nothing to support an inference that the estate was intended to depend upon performance of a condition the words used will be held to import a covenant and not a condition. (*Graves* v. *Deterling*, 120 N. Y. 447; *Cunningham* v. *Parker*, *supra*; *Matter of Reese*, 132 Misc. 274.)

It would appear, therefore, in view of the authorities cited above that the acceptance by Mrs. Palmer of the bequest under the will creates a personal covenant and promise on her part to carry out the provisions of the will for the benefit of Mrs. McCormack. (3 Heaton Surr. [5th ed.] § 364, p. 342.)

As there is no provision in the will regarding the furnishing of any bond or other security to guarantee the payment of this weekly sum to decedent's sister, I hold that no bond will be required of the legatee. (*Matter of Reese*, *supra*.)

As to the question as to when the payment by Mrs. Palmer to Mrs. McCormack shall begin, it would seem that as there is no provision that the executor should make such payments and

the responsibility for such payments is placed solely and personally upon Marian Palmer, she should commence the payment of the weekly installments when she accepts and receives the legacy under the will, and if there is any breach of covenant thereunder, Mrs. McCormack may bring the proper action to recover damages for such breach.

Enter decree in accordance with this opinion.