In the Matter of the Estate of Marion K. Sneden, Deceased.

Surrogate's Court, New York County, December 17, 1934.

*Laughlin, Gerard, Bowers & Halpin* [*Alice B. Baldridge* of counsel], for the trustee.

Delehanty, S. The fourth paragraph of the will of deceased provides: " I charge upon my said residuary estate an annuity in favor of my niece Ann Mary Smith, now residing in Marion, State of Pennsylvania, and I direct the payment by said residuary legatees (each one-half part of said residuary estate contributing equally) of the yearly sum of Five thousand Dollars ($5,000) during the life of my said niece Ann Mary Smith."

Nothing in this text defers the vesting nor attaches any condition to the vesting of the legacy. There is no provision in the will for forfeiture or for gift over if the direction quoted is not obeyed. Accordingly it is ruled that the legacy is now payable by the trustee to the legatees. The legatees in accepting the payment become personally bound to pay the annuity. (*Cunningham* v. *Parker*, 146 N. Y. 29; *Collister* v. *Fassitt*, 163 id. 281.)

The court deems it appropriate to follow the practice outlined in *Matter of Watson* (242 App. Div. 723, revg. 149 Misc. 753, cited to the court) and require either the furnishing of a bond or deposit of securities by the legatees in a sum reasonably related to the life expectancy of the annuitant and the amount of the annuity. On the settlement of the decree counsel may elect the form which the security will take.