In the Matter of the Accounting of FRANCIS R. BORSTELMANN, as Executor of PATRICK J. KEEGAN, Deceased.

Surrogate's Court, Bronx County, January 27, 1955.

*Robert R. Rosan* for executor.

*Beerman, Felner, Gaspari & Beerman* for Frederick V. Borstelmann.

*Otto H. Frank,* special guardian.

McGRATH, S. The accounting executor seeks a determination as to the construction of the provisions of paragraph "Third" of the decedent's will. Said paragraph provides in part as

follows: " Third: All the rest, residue or remainder of my property, whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath in equal shares to Francis R. Borstelmann, of 454 Housatonic Drive, Devon, Connecticut and Frederick V. Borstelmann, of 42-a Edgewater Park, Bronx, New York City, New York, the sons of my late wife. * * * At the present time I am defraying in whole or in part the cost of the collegiate education of Richard and Ann Borstelmann, the children of Frederick V. Borstelmann. The said Frederick V. Borstelmann has three other children, Robert Borstelmann, James Borstelmann, and Jean Borstelmann, and I would like to insure that they, too, will receive a collegiate education, and I hereby make the cost of their collegiate education a charge upon the bequest herein to the said Frederick V. Borstelmann ".

Since Richard Borstelmann and Ann Borstelmann have completed their collegiate education, the court agrees with the contention of the petitioner that they are not necessary parties to this proceeding to construe the will.

The special guardian appointed on behalf of the other three infant children of Frederick V. Borstelmann contends that the testator intended to create a trust for their benefit.

It is argued on behalf of Frederick V. Borstelmann that the testator contemplated an outright gift to him, that the use of the word " charge " in no way defers payment to him of the legacy and that the provision in question does not create a trust.

The court concurs in the construction that the gift to Frederick V. Borstelmann imports an absolute gift and that no trust was created (*Matter of Reese,* 132 Misc. 274; *Matter of Sneden,* 154 Misc. 49).

However, by accepting the legacy, the legatee will be bound to carry out the provisions of the will for the benefit of his three infant children insofar as their collegiate education is concerned (*Matter of Reese, supra; Matter of Sneden, supra; Matter of de Bolet Peraza,* 72 Misc. 577, 583).

Prior to the payment of the legacy bequeathed to Frederick V. Borstelmann, he will be required to furnish a bond or deposit security adequate to assure compliance with the obligation embodied in paragraph " Third " of the will (*Matter of Watson,* 242 App. Div. 723; *Matter of Sneden, supra; Matter of Weir,* 172 Misc. 74, 78).

The claim of John F. Conboy is dismissed on default.

Settle decree.