W. Vincent Grady, S.
Application has been made by Cornelius W. Garrison, the executor of the last will and testament of Katherine E. Tompkins, deceased, to have his accounts judicially settled and for a construction of paragraph marked “ Second ” of said decedent’s will.
It appears that Katherine E. Tompkins died a resident of Dutchess County leaving a last will and testament dated November 21, 1934, which will was duly admitted to probate in Dutchess County on February 6, 1958 and letters testamentary were thereafter issued to Cornelius W. Garrison.
Under the terms of decedent’s will, after a direction that her just debts and funeral expenses be paid, she provided as follows:
*151 ‘ ‘ Second : All the rest, residue and remainder of my property, both real and personal, of whatsoever description and wheresoever located, I give, devise and bequeath to my son, howard j. tompkins, to be his absolutely and forever upon the condition and after he has paid to my daughter, cora e. tompkins, in cash, an amount equal to one-half of the appraised value of my residue estate. Such payment to my said daughter, cora, may, at the option of my said son, howard, be made semi-annually over a period of two years or in one payment.
‘ ‘ Third : It is my wish, and I hereby request, my son, howard, to give my daughter, cora, any care and attention that she might need, and assist her in getting a permanent home.”
These provisions of the will are the only ones relating to bequests to any persons.
It appears that Cora E. Tompkins, daughter and legatee of the deceased, is an incompetent confined to the Hudson River State Hospital at Poughkeepsie, New York, having been admitted on the petition of her brother to such hospital at the age of 62 years on June 26,1956 which was approximately a month after her mother’s death.
It is the contention of the executor-petitioner that by the terms of paragraph marked “ Second ” of decedent’s will, Howard J. Tompkins, son of the deceased, receives all of the property of decedent subject to a covenant and not a condition to pay half the residuary to his sister, Cora E. Tompkins.
It is the contention of the Attorney-General, on behalf of the Director of the Hudson River State Hospital, that it was the intent of testatrix by the terms of her will to leave the daughter one half of the appraised value of both the real and personal property, and Ely L. Gellert, Esq., the special guardian appointed by the court for said incompetent, joins in said contention.
After hearing the arguments of respective counsel and after reading the will and the memoranda submitted, and after due deliberation thereon, the court decides and finds as follows:
The cardinal rule in construction of wills is to arrive at intent of testator as expressed in instrument in light of surrounding circumstances. (Matter of Thompson, 274 App. Div. 49.)
It is a primary rule of construction that the courts must find and follow the intent of the testator as disclosed by the words of will itself (Matter of Chalmers, 264 N. Y. 239) if wording thereof is unambiguous. (Matter of Battell, 286 N. Y. 97.)
Where testatrix employs language that is clear, definite and incapable of any other meaning than that which is conveyed by language used, there is no reason for resorting to ríilés of *152 construction that are invoked in case of ambiguous wills. (Matter of Edward, 102 N. Y. S. 2d 715.)
In the instant case of Katherine E. Tompkins, deceased, it is clearly the intent of testatrix, by the terms of her will, to leave her entire estate to her son, Howard J. Tompkins, which fact is conceded by the Attorney-G-eneral. The only question remaining is whether the gift is conditional.
Legacies and devises are acts of bounty merely, which a testator may withhold altogether or may condition. He may provide that if specified things are not done, or that if certain things occur the gift will revert. Such estate may be determined whenever the qualification annexed to it is at an end. His power to give includes the power to attach conditions satisfactory to him not contrary to law. So, a testator may limit gifts on lawful conditions which may be either precedent or subsequent (see Thompson, Wills [3rd ed.], p. 561).
“ Condition precedent ” exists when the performance thereof must of necessity precede the vesting of the gift, and a ‘ ‘ condition subsequent ’ ’ exists when failure or nonperformance works a forfeiture of an estate already vested (2 New York Law of Wills [Cum. Supp.], § 878).
In the instant case, Howard J. Tompkins, is given an optional period of two years to pay his sister one half of the appraised value of his mother’s residuary estate. This in and of itself indicates that testatrix did not intend to impose a condition precedent to the vesting of title.
Did testatrix then intend her son to be bound by a “ condition subsequent? ” There are no words of forfeiture in her will contingent on nonperformance.
In Graves v. Deterling (120 N. Y. 447, 455) is was held, “ While conditions subsequent can be imposed in a conveyance without the use of technical words, as they are not favored in law, they must be clearly expressed, and, if it is doubtful whether a clause is a covenant or a condition, the courts will so construe it, if possible, as to avoid a forfeiture. ’ ’
Cunningham v. Parker (146 N. Y. 29) followed this same line of reasoning by holding, ‘ ‘ Where a devise contains a clause, in .terms a condition, that the devisee pay certain legacies, in the absence of any provision for re-entry or forfeiture, or of anything to support an inference that the testator intended the estate to depend upon performance of the requirement, the words used will be held to import a covenant, not a condition.” (Headnote.)
See, also, Matter of Reese (132 Misc. 274 [1928]), wherein the testator left his estate to his nephew, a doctor, and he was *153 directed to pay testator’s wife 20% of the net proceeds of his practice, but there was no provision for forfeiture or gift-over, and it was held to be a covenant on the part of the nephew and not a condition of the payment of the legacy to him.
As between two reasonable constructions of a will, that which makes a gift absolute rather than conditional, will be preferred. (3 Page, Wills, § 1279.)
The fact that the testatrix in the instant case made no express provision for forfeiture or gift-over upon failure of the stated condition indicates that she did not intend to impose a condition in its strict sense, but rather a covenant. Paragraph numbered, “ Third ” bears out this intent when testatrix requests her son to give her daughter, “ any care and attention that she might need.”
The court therefore concludes, by reason of the foregoing, that the estate of testatrix vested upon her death in her son, subject to a covenant, not a condition, on the part of the son to pay his sister one half of the residuary estate over a two-year period. Submit decree accordingly.