In the Matter of the Construction of the Will of ALBERT TURNER, Deceased.

Surrogate's Court, Westchester County, November 18, 1929.

*Frank E. Kirkpatrick,* for the petitioner.

*Arthur I. Strang,* special guardian.

SLATER, S.   The proceeding is one for the construction of a will. Albert Turner died leaving a will probated in the Westchester County Surrogate's Court May 18, 1925.   The decedent left a widow and four children of full age, and an infant child under fourteen years of age.

The particular clauses which the executors desire construed are the 2d and 4th clauses, which are as follows:

" *Second.* All the rest, residue and remainder of my estate, real and personal, of whatsoever kind and nature and wheresoever situate of which I may die seized and possessed or to which I may in any way be entitled at the time of my decease, I give, devise and bequeath to my executor hereinafter named *in Trust,* for the following uses and purposes:

" To take charge of all my estate; to manage the same; to collect and receive the rents, income and profits therefrom, and to pay from such rents, income and profits all necessary expenses and repairs; to convert the estate into cash at such time or times and in such manner and at such prices as he may deem advisable; to invest and re-invest the funds of my estate and the proceeds of all sales and to collect and receive the rents, income and profits therefrom; to use the net rents, income and profits for the support and maintenance of my wife, FRANCES B. TURNER and my son ALBERT BRISTOL and for the support, maintenance and education of my children HELEN NAVARRE, PERRY BREVORT, ALEXANDER ROSS and JAMES BAIN, and for the support, maintenance and education of the issue of any of my said children who may die after my death and before reaching the age of twenty-five years, until the times hereinafter set forth. It is my express wish and direction that it be entirely discretionary with my Executor and Trustee as to the manner in which the net rents, income and profits from my estate shall be applied, he to be the sole judge of the needs of the several beneficiaries and shall not be required to apply an equal or any specific portion for the benefit of any beneficiary. In fact, should his judgment decide that the requirements of any one of the beneficiaries were vastly greater than those of another of the beneficiaries he is to distribute the net profits mentioned above solely as his own judgment shall dictate."

" *Fourth.* As each of my said children shall reach the age of twenty-five years, he or she shall be paid portion or share of the principal of my estate exclusive of the home property mentioned in paragraph ' Third,' such portion or share to be one equal share of a number computed from the number of children I have at the time of my decease plus two. In other words, if I leave five children me surviving, then such child reaching twenty-five years shall be entitled to receive a one-seventh part of the principal of my estate exclusive of the home property. If at the time of my decease any of my said children shall have reached the age of twenty-five years, then such child shall be entitled to receive his or her share. If any of my said children shall die after my death before reaching twenty-five years of age and leaving issue, such issue shall receive

the share which would have gone to the deceased child, but such issue shall not receive such share until the time when the deceased child would have reached the age of twenty-five years if such decedent should have lived. The time of the payment of any share to be made as above provided shall be made by my Executor and Trustee as soon as he may conveniently do so after the same becomes due as hereinbefore provided, this discretion being granted him so that he may have ample time in which to convert my estate, in order to make such distribution without material financial injury to my estate. Any child receiving his or her share of my estate as above provided shall no longer receive support, maintenance and education therefrom."

The 5th and 6th paragraphs of the will affect the question and are as follows:

"*Fifth.* When all of my said children, with the exception of my son JAMES BAIN, shall have reached the age of twenty-five years all of my estate, exclusive of said home property, will be distributed, except the portion held in trust for said JAMES BAIN, and two shares additional. The portion of my estate not so distributed shall be held by my Executor and Trustee as provided in paragraph ' SECOND ' and the net rents, income and profits shall be used for the support and maintenance of my wife, FRANCES B. TURNER, and the support, maintenance and education of my son JAMES BAIN until he reaches the age of twenty-five years, at which time he shall be paid his portion, the time of payment to be discretionary with my Executor and Trustee as provided in paragraph ' FOURTH ' above.

" If, when all of my children, except JAMES BAIN, shall have reached the age of twenty-five years, my said wife shall desire that two of the shares then held in trust shall be paid to her, I authorize and empower my Executor and Trustee, if in his judgment he deems it advisable, to pay to my said wife said two shares, to be hers absolutely and forever, and if such payment be made to her she shall no longer receive support and maintenance from my estate.

" *Sixth.* Upon the death of my wife, FRANCES B. TURNER, the shares held in trust for her use, if not already paid to her under preceding paragraph ' FIFTH,' together with all accumulated rents, income and profits of the trust funds, shall be paid into my residuary estate."

The trust created is questioned. Is absolute ownership illegally suspended and the trust in its entirety void? Is there a severance of the trust fund, so that each trust is independent, separate and distinct?

Was the dominant purpose of the testator to create separate shares terminable by separate minorities or lives? " The shares exist as shares if the testator thought of them as shares." How did he think of them?

The court holds he visualized the entire estate as one fund, as a matter of convenience. As each child arrived at the age of twenty-five years, he stated that the time had come when such child should have his or her particular share. Here, actual severance takes place. A reading of the 4th paragraph of the will is convincing that the testator always had in mind a division of the estate into seven shares, held together temporarily and for convenience. Again, in the 5th paragraph, he separates two of the shares then held in trust by providing they should be paid to the widow, if she so desires. As to James' part, he speaks of it as " his portion," and again, upon the death of each child before reaching twenty-five and leaving issue, such issue shall receive " the share " which would have gone to the deceased child. By this operation he created a substitution, always having in mind, however, a division of the trust into shares. The will in all its provisions indicates a conscious thought that each of the children has a share of his own. When the intention of the testator is clear and manifest, it must be enforced.

*Matter of Horner* (237 N. Y. 489), with regard to the first trust considered in the opinion of Judge CARDOZO, applies to the instant case. (*Matter of Drury*, 249 N. Y. 154; *Matter of Buttner*, 125 Misc. 224; affd., 243 N. Y. 1.)

I will hold that the trusts are separable, and each of the five children has a vested interest in a seventh of the estate, subject to the principal being held in trust as provided by said will, and also postponing the time when each child shall have possession of such gift, and subject to being defeated by his or her dying before reaching the age of twenty-five, leaving issue (*Cammann* v. *Bailey*, 210 N. Y. 19); that there is a valid trust for the benefit of the widow in two-sevenths of the estate.

So much of the 2d paragraph of the will that expresses a wish and direction is precatory. The income upon the corpus of the fund is to be divided equally according to the division of the trust estate in shares. In the event of the death of any child before reaching the age of twenty-five years, leaving issue surviving, such issue will take the parent's share immediately.

So much of the will as relates to the withholding of a share, in the event of a child dying before reaching twenty-five years, leaving issue, is void and can be deleted from the will without defeating the general intent of the testator to the extent of the

valid parts. (*Matter of Colgrove*, 221 N. Y. 455; *Carrier* v. *Carrier*, 226 id. 114.)

The widow has a life interest in the trust of two-sevenths of the estate, with the right to end such trust and take over its principal on her election, when the four elder children have reached the age of twenty-five years. Upon her death, if the trust is still in existence for her, the corpus becomes a part of the residuary estate.

Submit decision and decree.