In the Matter of the Will of JAMES O. TRYBOM, Deceased.
DOROTHY M. HANNIGAN, Appellant; HENRIETTA J.
TRYBOM, as Executrix of JAMES O. TRYBOM, Deceased,
Respondent.

Argued January 3, 1938; decided March 8, 1938.

*Charles Lamb* and *Benjamin Zwick* for appellant. The
gift to appellant under the will was absolute. (*Thornhill*
v. *Hall*, 2 Cl. & P. 22; Bligh [N. S.] 88; *Tillman* v. *Ogren*,
227 N. Y. 495; *Banzer* v. *Banzer*, 156 N. Y. 429; *Clarke*
v. *Leupp*, 88 N. Y. 228; *Lamb* v. *Eames*, 10 Eq. Cas. 267;

*Matter of Barney*, 207 App. Div. 25; 239 N. Y. 584; *Matter of Arrowsmith*, 162 App. Div. 623; 213 N. Y. 704; *Matter of Hayes*, 263 N. Y. 219; *Salter* v. *Drowne*, 205 N. Y. 204; *Robinson* v. *Martin*, 200 N. Y. 159; *Wright* v. *Wright*, 118 N. Y. Supp. 994; 140 App. Div. 634; *Wood* v. *Duff-Gordon*, 222 N. Y. 88.) The phrase, " in consideration of services to be rendered in the probate of this my Last Will and Testament," is equivocal and ambiguous and rendered the entire concluding clause indefinite and uncertain. (*Wells* v. *Wood*, 4 L. T. [N. S.] 768; *Pershall* v. *Elliott*, 249 N. Y. 183; *Crain* v. *Wright*, 114 N. Y. 307; *Martin* v. *Martin*, 131 Mass. 547; *McCarty* v. *Fish*, 87 Mich. 48; *Matter of Raab*, 42 App. Div. 141; *Livingston* v. *Ward*, 247 N. Y. 97; *Matter of Barney*, 207 App. Div. 25; 239 N. Y. 584; *Cunningham* v. *Parker*, 146 N. Y. 29; *Matter of Arrowsmith*, 162 App. Div. 623; 213 N. Y. 704; *Freer* v. *Glen Springs Sanitarium Co.*, 131 App. Div. 352; 198 N. Y. 575.) The bequest cannot be nullified by the refusal of the executrix to avail herself of appellant's assistance. (*Matter of Horton*, 217 N. Y. 363; *Matter of Cornell*, 149 Misc. Rep. 553; *Matter of Smith*, 154 Misc. Rep. 53; *Matter of Lasak*, 131 N. Y. 624; *Dodd* v. *Anderson*, 197 N. Y. 466; *Foster & Tyler* v. *Foster*, 7 Paige, 48; *Scofield* v. *St. John*, 65 How. 292; *Livingston* v. *Gordon*, 84 N. Y. 136; *Hogan* v. *Curtin*, 88 N. Y. 162; *Oliver* v. *Wells*, 254 N. Y. 451.)

*David C. Broderick* and *Solomon Silverstein* for respondent. A testator cannot legally bind his executor to employ an attorney of testator's own choosing. (*Matter of Caldwell*, 188 N. Y. 115; *Hughes* v. *Hiscox*, 105 Misc. Rep. 521; 110 Misc. Rep. 141.) The bequest to the beneficiary was in consideration of services to be performed which according to the acts of the executrix and pursuant to law cannot be performed. (*Matter of Caldwell*, 188 N. Y. 115; *Matter of Wallach*, 164 App. Div. 600; 215 N. Y. 622; *Oliver* v. *Wells*, 254 N. Y. 451; *Matter of Phelps*, 133 Misc. Rep. 450; *Hughes* v. *Hiscox*,

110 Misc. Rep. 141; *Matter of Shea*, 106 Misc. Rep. 222; *Matter of Thompson*, 304 Penn St. 349; *Robinson* v. *Wheelwright*, 43 Eng. Reprint, 1342.)

LOUGHRAN, J. This is a proceeding for the construction of a will.

The testator, James O. Trybom, died in March, 1936, survived by his wife and two minor children. He was a member of the bar. The appellant Dorothy M. Hannigan is an attorney at law who was associated with him in his practice.

His will, dated January 2, 1936, makes but two dispositive provisions. By one he gives his residuary estate to his wife, who is named executrix. The other provision is the subject of this proceeding. It reads as follows: " I do hereby give, devise and bequeath to my associate, Dorothy M. Hannigan, all of my office furniture, and all of my interest in the library at my office at 51 Chambers Street, New York City, that being a one-half interest and a one-half interest in all the pending legal matters in consideration of the services to be rendered in the probate of this my last Will and Testament."

At the suggestion of the Surrogate, Miss Hannigan made a written offer to serve as attorney for the estate. This tender was refused by the executrix. A decree followed declaring that the conditional bequest was void. " The consideration fails," said the Surrogate, " and, consequently, the gift falls with it." The Appellate Division affirmed. We think this result missed the intention of the testator.

He did not try to say that the executrix was at all events to have Miss Hannigan as attorney for the estate. It cannot reasonably be supposed that " services to be rendered in the probate " of this simple will was in his mind an object of first importance. There is no gift over of the conditional bequest. The primary idea behind it appears to us to have been the expectation of the testator that his law practice could be wound up

without changing hands. Half the return was to be a reward to his office associate. The other half would fall into his residuary estate.

Taking that to have been the testamentary purpose, it does not matter whether the incidental condition annexed to the bequest to Miss Hannigan was in form precedent or subsequent. Performance on her part was tendered and refused. We can find no satisfactory basis for a presumption that this situation was intended by the testator to spell a forfeiture of the gift. (See *Livingston* v. *Gordon*, 84 N. Y. 136; *Cunningham* v. *Parker*, 146 N. Y. 29; 18 Am. & Eng. Ency. of Law, p. 734; 2 Page on The Law of Wills, § 1133.)

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

O'BRIEN, J. (dissenting). I agree with the Surrogate and the unanimous Appellate Division.

This testator was an attorney, especially experienced in the law relating to decedents' estates. His will, simple and concise, is notably free from verbiage. If his purpose was to make an absolute gift to appellant, without proviso or condition, this will demonstrates that he possessed the skill to express it by the omission of all unnecessary words. When he made the gift " in consideration of the services to be rendered in the probate of this my last Will and Testament," he employed no ambiguous phrase. He must have meant what he said. The language indicates in the clearest terms his expectation that appellant would render services and that, as compensation for such services, she should receive the bequest. Here is an instance where the language of the will must be deemed " to support an inference that the estate was intended to depend upon performance of the condition." (*Cunningham* v. *Parker*, 146 N. Y. 29, 33.) The inference must be drawn that this testator expected

his estate to receive a *quid pro quo* and that in consideration of this gift, his estate would be otherwise free from expenses in the probation of his will. He definitely specified the consideration. His intent must be inferred from his accurate language and the courts below were, in my opinion, entirely justified in refusing to stray beyond the terms of the will or to indulge in speculation regarding some possible purpose at variance with the testator's expression of intent. When appellant, unfortunately for her, was not allowed by the executrix to render services in the probate of the will, the consideration failed and so did the conditional gift.

CRANE, Ch. J., LEHMAN, FINCH and RIPPEY, JJ., concur with LOUGHRAN, J.; O'BRIEN, J., dissents in opinion; HUBBS, J., taking no part.

Ordered accordingly.