In the Matter of the Estate of AGNES J. COSTALO, Also Known as AGNES J. COSTELLO, Deceased.

Surrogate's Court, Erie County, May 26, 1938.

*J. Eugene McMahon*, executor, in person, and by *Sanders, Hamilton, Dobmeier, Connelly & McMahon*.

*Dinah R. Rosenblatt* [*Charles F. Blair* of counsel], for Cora Paquette, legatee.

*Joseph C. Baecher*, for Bertha Bolton, Alice Jane Spittal and Mary E. Best, contestants.

HART, S. The deceased, Agnes J. Costalo, also known as Agnes J. Costello, died May 19, 1937, leaving a last will and testament in which is the following provision: "*Fifth*. In the event that I remain with my good friend, Cora Paquette, of 225 Olympic

Avenue, Buffalo, New York, with whom I am now living, until my death, and in the event that during all of the said time she takes good care of me, I give, bequeath and devise unto the said Cora Paquette the sum of Fifteen Hundred ($1500.00) Dollars."

It appears that on May 17, 1935, the testatrix executed the will containing the aforesaid provision, and that at that time and for some time prior thereto she was residing at 225 Olympic avenue as a boarder in the family of Cora Paquette, the legatee named in the aforementioned provision. It appeared also that the deceased and legatee were very good friends. On or about the 22d day of May, 1936, the testatrix was adjudged incompetent by the County Court of the county of Erie, and on that day J. Eugene McMahon, executor named in the will, was appointed the committee of the person and property of the incompetent. At that time the incompetent was residing in the home of Mrs. Paquette, and Mr. McMahon arranged for Mrs. Costello to continue to board in the Paquette home. Mrs. Costello continued to reside at Mrs. Paquette's home until October 30, 1936, when the committee removed her to a home for elderly people operated by Mrs. Bessie M. Loucore at 475 Ashland avenue, Buffalo, N. Y. During the time the deceased lived in the home of Mrs. Paquette the latter was paid board at the rate of forty-five dollars per month.

It appears that after the deceased had been declared incompetent, friction arose between the relatives of Mrs. Costello and Mrs. Paquette. Just who was responsible for this cannot be definitely ascertained. However, the committee deemed it for the best interests of all concerned and for his own peace of mind to remove the incompetent from the home of Mrs. Paquette, although he testified that he personally was satisfied with the care and treatment the incompetent had been receiving.

The removal of the incompetent, however, prior to her death is one of the causes of the controversy now before the court. The executor desires a determination of the right of Mrs. Paquette to receive this legacy.

It is perfectly clear that the gift in question is upon condition precedent. The general rule of law to be applied to the state of facts in this case appears to be: " Where a literal compliance with the condition has become impossible by reason of circumstances over which the devisee or legatee had no control, and through no fault on his part, he is held to be entitled to take the gift, the condition imposed by the testator being deemed to be satisfied by performance as nearly as possible, or *cy pres*. This modification of the uncompromising rule of the common law is derived from the civil law, and is based upon the assumption that the testator did

not intend to require impossibilities, but only a substantial compliance with his directions." (2 Davids, New York Law of Wills, pp. 1427, 1428), § 883; *Burns* v. *Clark*, 37 Barb. 496.

This appears to be a just and equitable rule, fair to the testator and to the legatee or devisee. No testator can anticipate what may or can happen in the future or make provision for all that may or can happen, and it is reasonable to presume that the testator is more desirous of the legatee or devisee receiving the gift than not receiving it, provided, of course, that the legatee or devisee has not done anything which would prevent his receiving it or some contingency arisen which makes the receipt of the gift an impossibility.

The question now before this court is whether or not the right of the legatee in the instant case comes within the statement of law hereinbefore quoted.

Apparently Mrs. Costello and Mrs. Paquette were very good friends and Mrs. Costello was well satisfied with life in the Paquette home prior to and at the time of being declared incompetent, and by this it is not to be inferred that the deceased was dissatisfied thereafter. It was not the fault of Mrs. Paquette that Mrs. Costello became incompetent, and it is reasonable to assume that the decedent, at the time of making her will, did not anticipate her becoming incompetent. Did Mrs. Paquette create the situation which resulted in the deceased being taken from her home to another place where she lived for a period of six months prior to her death? There is a claim of interference by the relatives and in drawing our conclusions we are mindful of the happy relationship which existed between the testator and the legatee prior to her incompetency, and we are inclined to believe that in her unfortunate condition the deceased might have been susceptible to influence. This court is inclined to resolve any doubt on this subject because of conflicting evidence in favor of the legatee, and feels that equitable principles should be applied in this case as was done in *Matter of McCabe* (154 Misc. 279). (See, also, the recent case of *Matter of Trybom*, 277 N. Y. 106.)

It is, therefore, decided that there was a substantial compliance with the conditions of the bequest.

Let the decree of judicial settlement provide for the payment of $1,500 to Cora Paquette and such interest as may have legally accrued on the bequest, or, in the event of the payment of the legacy prior to the entry of the decree of judicial settlement, let such decree provide for the ratification of the same.