In the Matter of the Estate of FRED ENDERS, Deceased.

Surrogate's Court, Richmond County, May 25, 1939.

*Joseph B. Handy*, for Claire Tuttle and Ray Tuttle, respondents.

*Truman O. Murrell*, for Edmond J. Kenney, petitioner.

BOYLAN, S. This proceeding for the construction of the will of Fred Enders, deceased, has been brought by the executor of the will of Frank Rosa, deceased. The paragraph of the will which the court has been requested to construe is numbered " fourth," and reads as follows:

" *Fourth.* I give and bequeath to my brother-in-law, Frank Rosa, the licensed tavern business now conducted by me in the premises hereinabove described in the first paragraph of this my last will and testament together with the stock of merchandise, equipment and all.personal property used in connection therewith together with the right to the use and occupancy of the first floor of the said premises until such time as the said Claire Tuttle shall sell the real property devised to her upon which premises the said business is conducted, upon the condition, however, that the said Frank Rosa shall pay all taxes, water rents, assessments, insurance and all other carrying charges in connection with the whole of the building in which the said business is conducted and further that he shall supply heat for the whole of the said building and keep the same in repair."

Subsequent to the death of Fred Enders, Frank Rosa, the legatee mentioned in the fourth paragraph of the aforesaid will, died. Said Frank Rosa in his will devised and bequeathed all of his property to his wife, Elizabeth Rosa, who was a sister of Fred Enders, deceased.

Up to the time of his death, Fred Enders operated a licensed tavern business upon the premises owned by him, and this dispute involves the said tavern business and all the equipment and personal property used in connection therewith.

The executors of Frank Rosa, deceased, contend that the first part of paragraph " fourth " grants an absolute and outright gift

to Frank Rosa of the tavern business, with its stock, fixtures and personal property, and that the latter words do not, and under the law cannot, cut down or limit the gift. The court does not agree with this contention.

" There is no prohibition to cutting down or limiting an absolute bequest contained in a testamentary paper by some other provision in it. It is only necessary that the language which attempts to limit such apparent bequest shall show such intent as clearly as did the prior language to make it." (*Matter of Sweeney*, 120 Misc. 663; *Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Mee* v. *Gordon*, 187 id. 400.)

The " fourth " paragraph of this will consists of one long sentence, and the court holds that the testator intended to cut down and limit the bequest to such time as Claire Tuttle makes a *bona fide* sale of the property. The court is unable to apply the rule of law as contended by the executor of Frank Rosa that any ambiguity or doubt must be resolved in favor of the next of kin and against the stranger. This case does not involve a next of kin. Both Frank Rosa and Claire Tuttle are " strangers " to decedent. One was the brother-in-law, the other his housekeeper. The rule of law does not apply in this matter for a further reason that the court holds that there is no ambiguity or doubt as to what the testator intended as shown hereinabove.

The executor of Fred Enders, deceased, contends that the operation of the bowling alleys is not a part of the tavern business.

Subsequent to the hearing on this matter, and with consent of counsel, the court visited the premises in order to inspect the same. In the rear of the premises owned by the deceased there are located two sets of bowling alleys, together with the necessary bowling balls, pins and other equipment used in connection with the alleys. The executor of Fred Enders, deceased, does not dispute that these alleys, the bar and restaurant were operated by the deceased as one business. The same entrance is used for the bar and bowling alleys, the same persons conduct the bar, restaurant and bowling alleys as one business, and the money from the bar, restaurant and bowling alleys is put into one cash register. The same lavatories and cloak room are used for the bar, restaurant and bowling alleys, and the same heating system and electric meter serve the restaurant, bar and bowling alleys. Food and drink are served to the bowlers from the same kitchen and bar which serve the restaurant and bar trade.

The court holds that the operation of the bowling alleys is part of the tavern business and equipment bequeathed to Frank Rosa, deceased, by paragraph " fourth."

The next question presented is whether the "right to the use and occupancy" of the ground floor is a right which was personal to Frank Rosa or an interest in real estate which passed under his will. By the "second" paragraph of his will, Fred Enders devised to Claire Tuttle the premises upon which the business in question was conducted. The devise, however, was subject to the reservation contained in the "fourth" paragraph in favor of Frank Rosa. "The use and occupancy of the first floor" is limited by the will "until such time as the said Claire Tuttle shall sell the real property devised to her." There is no other limitation on the "use and occupancy." The court holds that the "right to the use and occupancy" of the ground floor passed under the will of Frank Rosa to Elizabeth Rosa, the sister of Fred Enders, deceased, but this right to the "use and occupancy" is to cease when Claire Tuttle shall make a *bona fide* sale of the property.

The executor of Fred Enders, deceased, contends that as both Frank Rosa, prior to his death, and his executor and devisee since, have neglected to pay the taxes, as well as other carrying charges, they have not complied with the conditions of the legacy, and, therefore, the entire legacy falls into the residuary estate. The court holds that the condition set forth in the "fourth" paragraph is a condition subsequent and that a breach thereof will not divest Frank Rosa or his heir from the estate bequeathed to him. The law favors the vesting of estates and wherever possible construes a condition as being subsequent rather than precedent.

"A condition subsequent arises when it is found from the nature of the act to be performed and the time required for its performance that the estate is intended to vest, the grantee to perform after taking possession." (*New Edgewood Lake Corp.* v. *Kingston Trust Co.*, 246 App. Div. 163, 167.)

As there is no provision for a gift over on breach of the condition, the breach, if any, will not operate to divest the title of the legatee. (*Hogan* v. *Curtin*, 88 N. Y. 162; *Matter of Arrowsmith*, 162 App. Div. 623; *Robinson* v. *Martin*, 200 N. Y. 159.) A general gift of the residue of an estate is not a gift over. (*Hogan* v. *Curtin*, 88 N. Y. 162.)

The court will not in this proceeding pass upon the question whether or not certain charges have been paid. If Frank Rosa or his heir have failed to pay any of the carrying charges, these charges become a claim against the estate of Frank Rosa or his heir. The court feels that the taxes, water rents, insurance and all other carrying charges should be apportioned as of the date of death of Fred Enders.

Submit decree in accordance herewith.