Deyo, J.
This is an appeal by a legatee from a decree of the Surrogate’s Court of Albany County in a construction proceeding adjudging that a bequest to him was a gift on a condition that failed and that the bequest passed into the residuary estate.
The bequest appeared in the codicil to testatrix’ will executed April 4, 1928, and read as follows:
“ Seventh: I give and bequeath to Harris A. Stanford, of Saratoga Springs, New York, now in my employ, my two (2) riding mares known as ‘ Bessie ’ and ‘ Daisy,’ respectively, together with all saddles, harness and equipment owned by me and used in connection with said mares at the time of my decease together with the sum of Fourteen Thousand Dollars ($14,000.). My wish and direction is that the said Harris A. Stanford apply the said sum of Fourteen Thousand Dollars ($14,000.), and the income, if any, arising from the same, to the care and maintenance of the said two (2) mares, according to his judgment and without restriction. ’ ’
The appellant and his family, although not related to the testatrix, had been friendly with her for upwards of ten years. Two or three years prior to the execution of this codicil testatrix purchased the horses mentioned and employed appellant, then a young man, to care for them and ride with her. He continued in her employ until August 31, 1928, when she was declared incompetent and a committee appointed who subsequently disposed of the horses and the equipment for $175. Twenty years later testatrix died, still an incompetent, and on March 4, 1949, her will and codicil were admitted to probate.
It is often said that construction proceedings have to do with determining the intention of the testator. This is usually pure fiction for if the testator had any intention he would have expressed it. In the case at bar, and the same is true of the *241 majority of cases of this type, it is quite obvious that the testatrix never gave a thought to the particular contingency involved, and consequently could not have had any intention one way or the other. In reality what we are doing is creating an intention for the testatrix where none previously existed. We are trying to guess what the testatrix would have done under a particular set of circumstances had they been brought to her attention. In order that decisions may not be purely speculative, the courts have adopted certain rules of construction as guideposts to be followed in construing wills. Applying these rules to the facts involved in the case at bar leads us to the conclusion that the Surrogate was in error in holding that the bequest was conditional.
It cannot be denied that the first ■ sentence of the paragraph under consideration expresses an unequivocal desire to make an absolute and outright gift of the horses, the equipment and $14,000. It seems clear that the sale worked an ademption so far as the horses and the equipment were concerned. (Matter of Ireland, 257 N. Y. 155.) Not so, however, as to the $14,000, which was a general and not a specific legacy and was to be paid from the general funds of the estate which, it is admitted, are sufficient for that purpose. Conditional limitations on absolute gifts are not favored. (Sherman v. Richmond Hose Co., 230 N. Y. 462, 470; Matter of Gulbenkian, 59 N. Y. S. 2d. 445, 448.) Gifts will not be restricted or cut down by subsequent language unless it be clear, decisive and mandatory. (Tillman v. Ogren, 227 N. Y. 495; Banzer v. Banzer, 156 N. Y. 429.) “ Conditions tending to destroy estates are not favored in law, and are construed strictly, and generally all doubts are resolved against restrictions on the use of the property of the grantee. ’ ’ (Matter of Gaffers, 254 App. Div. 448, 452.) The language which it is claimed imposed the condition in the instant case is embodied in an entirely separate and distinct sentence from that creating the gift. It is of uncertain and doubtful meaning, falling far short of constituting an unmistakable indication of an intention to cut down what was otherwise an absolute and outright gift. Even the petitioner admits the doubtful and uncertain character of the words employed in stating that there is a question whether it “ constitutes an outright gift * * * or a gift in trust or conditional bequest * * The words employed, and particularly the phrase ‘ ‘ wish and direction, ’ ’ are precatory rather than mandatory in nature and have been so interpreted. (Matter of Turner, 135 Misc. 223, 227; Matter of Raumann, 64 N. Y. S. *242 2d 373, 379.) The words were used in the same sense as “ wish and desire ” were employed in Post v. Moore (181 N. Y. 15) and, as there, are to be held precatory and unenforceable. That there was no intention to cut down on the prior outright gift is further indicated by the fact that appellant was to use the fund “ according to his judgment and without restriction.” Such absolute discretion is highly indicative of an intention to make an absolute gift. (Matter of Kayes, 263 N. Y. 219; Lawrence v. Cooke, 104 N. Y. 632.) No doubt testatrix was motivated by a desire to insure a good home for her horses, and no doubt she expected her friend to utilize so much of the gift as he might deem necessary for that purpose, but nowhere did she indicate that the gift was made on condition that he do so or that what he might receive would be taken from him if the horses died or if he found it necessary to dispose of them the very day he received the bequest.
Even though we adopt the Surrogate’s hypothesis and hold the bequest to be conditional, it does not necessarily follow that the gift must fall. Performance of the condition has been rendered impossible through no fault of the leg’atee and by no act of the testatrix. Under such circumstances the condition will be disregarded and the gift given absolute effect.
In Livingston v. Gordon (84 N. Y. 136), a bequest was made to a home for the blind “ so long as ” it should care for one William Gordon. Gordon was an inmate when the will was executed, but had been expelled and had gone elsewhere at the date of probate. The court held that the bequest was none the less absolute and that the home’s right thereto was not defeated by the impossibility of performance due to Gordon’s failure to demand support.
In Matter of Trybom (277 N. Y. 106) a bequest was made by a lawyer to an office associate ‘6 in consideration of the services to be rendered in the probate of this my last Will and Testament.” The executrix declined the services. The court held that the bequest was, nevertheless, absolute.
In Matter of Costalo (167 Misc. 755) the will provided for a bequest to a named legatee providing testatrix continued to live with her and was taken care of by her until her death. As in the case at bar incompetency intervened and the committee removed the testatrix to another home. The court held that since the impossibility of performance arose through no fault of the legatee the gift to her was not affected.
*243 For yet another reason this condition, if condition it be, does not defeat the legacy. Conditions are either precedent or subsequent. A condition is precedent when performance thereof must by necessity precede the vesting of the gift. It is subsequent when its failure or nonperformance works a forfeiture of an estate already vested. (Steinbacher v. Less, 167 Misc. 787, 788.) Here the duty imposed, if any, was clearly prospective and could not be performed until the payment of the legacy. The obligation to care for the horses did not precede the gift but arose after it. The condition required a course of continuous action on the part of the legatee following the vesting of the estate. Under such circumstances it was at best a condition subsequent. (Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121, 130; New Edgewood Lake Corp. v. Kingston Trust Co., 246 App. Div. 163, 167.) Such a condition annexed to a legacy of personal property will not operate upon breach to divest the title of the legatee unless there is an express gift over on breach of the condition. (Matter of Trybom, 277 N. Y. 106, 108, supra; Sherman v. Richmond Hose Co., 230 N. Y. 462, 469, supra; Cunningham v. Parker, 146 N. Y. 29, 33; Matter of Roth, 248 App. Div. 903, 904; Matter of Livingston, 86 N. Y. S. 2d 874, 875; Matter of Allen, 45 N. Y. S. 2d 699, 702; see, also, Graves v. Deterling, 120 N. Y. 447, 457.) A general gift of the residue of an estate is not a gift over within this rule. (Sherman v. Richmond Hose Co., supra; Hogan v. Curtin, 88 N. Y. 162; Matter of Arrowsmith, 162 App. Div. 623, 628; Matter of Enders, 171 Misc. 283, 286.) In the case at bar there is not the slightest suggestion of a gift over. Consequently, breach of the condition, if there was one, will not defeat the bequest.
Both the Surrogate and the respondent place considerable reliance upon the decision of Surrogate Collins in Matter of Murray (198 Misc. 45). There the bequest in question read as follows: “In addition to the bequest made in article ‘ Second ’ hereof for Ruth E. Chaine, I give and bequeath to her the sum of One Thousand ($1000.00) Dollars for use in providing for the care of my Angora cat which formerly belonged to my mother.” Surrogate Collins said: “ Decedent’s direction does not contemplate the erection of a trust. None of the elements essential to the creation of a trust is contained in such direction. The court holds that the third article of the will provides a bequest on condition. The existing record in this proceeding does not establish the fact that decedent at the time of her death was possessed of the par *244 ticular animal for which she intended to provide care. A condition of payment to the legatee is that the fulfillment of the purpose for which the bequest was intended may be accomplished, since such condition was the motive of the bequest.” We are informed that subsequently proof was adduced to show that the cat was living and that the legatee was willing and able to care for it, whereupon the bequest was paid over. Hence, what the Surrogate had to say concerning conditions incapable of performance was in reality pure dictum. Even so, it is obvious that the conditional aspect of that case was much stronger than in the case at bar, and for that reason if for no other the rule therein enunciated will not be applied.
We are in accord with that portion of Surrogate Collins’ opinion wherein he concludes that no trust was created. Here, as there", the elements essential to the creation of a trust are lacking, particularly a direction for its termination within two lives in being. (Personal Property Law, § 11; Matter of Howells, 145 Misc. 557.)
We are frequently admonished that in construing a will the entire document must be considered. (Livingston v. Ward, 247 N. Y. 97,106.) With this rule in mind the respondent lays great stress upon the EIGHTH paragraph of the codicil, which provides as follows:
‘1 EIGHTH: In addition to the bequests made to him in and by the ‘ Seventh ’ paragraph hereof, I give and bequeath to the said Harris A. Stanford of Saratoga Springs, New York, the sum of Six Thousand Dollars ($6,000.).” He argues that this removes all doubt of what was in the testatrix’ mind for if she had intended to make an unrestricted gift of $14,000, she would have utilized one rather than two paragraphs. The argument is not without merit, despite the fact that Surrogate Slater reached a contrary result in Matter of Putnam (112 Misc. 315) where the language employed in the second testamentary provision was almost identical with that in the case at bar. Equally persuasive, however, and appositive in nature is the fact that testatrix herself characterized the gifts embodied in the SEVENTH paragraph as bequests and not as trusts or gifts, on condition. The effect of this EIGHTH paragraph is therefore rendered nugatory for present purposes.
In view of the foregoing we have concluded that the Surrogate was in error in the construction which he placed on the paragraph under consideration and that the $14,000 bequest therein contained constituted an absolute gift to the appellant. *245 The decree so far as appealed from should be reversed, with costs to all parties payable out of the estate, and the administrator, c.t.a. directed to pay the legacy to the appellant.
Heffebnan, J. P., Bbewsteb, Bebgan and Coon, JJ., concur.
Decree so far as appealed from reversed, on the law, with costs to all parties filing briefs payable out of the estate, and the administrator c.t.a. is directed to pay the legacy in question to the appellant.