Joseph A. Cox, S.
This is a proceeding brought by the executor to obtain a construction of Paragraph second of the decedent’s will which reads as follows: “ second: I give and bequeath all of my shares of stock in Poust Liquor & Wine Co., Inc. to my son, jack, if he survives me, upon condition that, within sixty (60) days following the appointment of my personal representatives he personally guarantees in writing the obligation of the Poust Liquor & Wine Co., Inc. to my daughter, jessica, and also personally binds himself in writing that in the event he disposes of all or any part of the aforesaid stock, he will create an escrow fund to secure such guarantee, similar to the escrow arrangement required of the Corporation in connection with its obligation to my daughter, jessica. If my said son does not survive me, or if he fails to meet the conditions to which the aforesaid bequest is made subject, I give and bequeath said stock in equal shares to my daughters, phyllis, jessica and bonnie (also known as Rose), or their issue, per stirpes, without any terms or conditions. ’ ’
More precisely the question to be determined is whether the petitioner has sufficiently complied with the conditions laid down by the testator to enable him to take the bequest. The Poust Liquor & Wine Co., Inc., is a corporation which is the holder of a retail liquor license. The problem arises because the petitioner to whom the stock was conditionally bequeathed is also the owner of a 50% stock interest in a corporation that holds a wholesale liquor license. Under the provisions of the Alcoholic *192 Beverage Control Law and the Rules and Regulations of the State Liquor Authority a person cannot at one and the same time own an interest in both a corporation that has a wholesale liquor license and a corporation that has a retail liquor license. In addition, a person owning an interest in a corporation that has a wholesale liquor license cannot guarantee the debts of a corporation that has a retail liquor license. It is apparent, therefore, that by operation of law the petitioner is prevented from a literal compliance with the conditions laid down by the testator. However, in order to meet these conditions the petitioner has entered into a stipulation with the State Liquor Authority pursuant to which he is temporarily permitted to transfer the stock bequeathed to him to his wife, has executed the guarantee required by the testator, and has created the escrow fund to secure the guarantee. The objectant herein raises issues as to the legality of the stipulation entered into between the petitioner and the State Liquor Authority and reasons that because of the impossibility of literal compliance with the terms laid down by the testator that the bequest to the petitioner must fail.
It is the opinion of this court that the petitioner herein has fully complied with the conditions upon which the taking of the bequest was predicated. His guarantee and the escrow fund established by him to secure the corporate obligation to the objectant satisfy the conditions laid down by the testator to ensure the payment of the corporate obligations to the objectant established under the contract entered into between the testator and the corporation. The law is well established that where as here the literal performance of the condition is impossible by reason of circumstances over which the legatee has no control, the legatee is entitled to take the gift upon performance of the condition as nearly as possible to that specified by the testator (Matter of Ricker, 151 N. Y. S. 2d 247; Matter of Costalo, 167 Misc. 755; Matter of Johnston, 277 App. Div. 239, affd. 302 N. Y. 782; 2 Davids, New York Law of Wills, § 883). The construction sought by the petitioner is, therefore, approved and adopted by the court.