Joseph W. Cbibb, S.
This is an application for a construction of the will of Jennie M. Andrews who died October 15, 1960, leaving a last will and testament dated the 23rd day of May, 1953, which was duly admitted to probate in this court on the 17th day of February, 1961.
The pertinent sections of the will are as follows:
“ Ninth: I give to Mrs. Luella Cull of South Bristol, N. Y. the unpaid balance on her mortgage as of the date of my death. ’ ’
“ Thirteenth: I give to Lucretia Shaffer $500.00, but as a condition of the legacy, require her to give my dog good care as long as the dog lives.”
“ Eighteenth: I give the life use of my home and adjacent property at the head of Bristol Valley to Lloyd Andrews. At his death then I give the life use to Maurice Hewitt. At his death I give the property to Lawrence Brown if he is living and if he is not living I give it to Luella Cull.”
‘ ‘ Nineteenth: All the rest, residue and remainder of my property I direct shall be divided between the legatees named in this will who survive me pro-rated on a basis of their respective legacy. By that I mean that a person who has a legacy for $1000.00 would get twice as much as a person who gets a legacy for $500.00.”
The facts are that Luella Cull, mentioned in paragraphs 1 ‘ Ninth ’ ’ and 11 Eighteenth ’ ’ of the will, predeceased the testatrix and that in fact no mortgage instrument from any Luella Cull could be found among the testatrix’ personal effects nor do the County Clerk’s records reveal any such undischarged mortgage. However, an old land contract dated January 25, 1916, was found among the personal effects of testatrix under which Edward F. Andrews, her deceased husband, agreed to sell 56 acres in the Town of South Bristol for $885. This land contract was in default; it appears to be an asset of the Jennie Andrews’ estate, and petitioner has requested permission under section 213 of the Surrogate’s Court Act to compromise this claim of indebtedness which appears to be of doubtful value.
The facts further reveal that the dog mentioned in paragraph “ Thirteenth” of the will predeceased the testatrix, it being stipulated that the dog became blind, unable to walk, and was destroyed at the request of the testatrix prior to her death. This made it impossible for Lucretia Shaffer to give the dog “ good care as long as the dog lives,” and raises two questions, namely, may Lucretia receive her $500 legacy pursuant to paragraph “ Thirteenth ”, and, if not, may she receive her *434 proportionate share of the residue pursuant to paragraph “ Nineteenth ” of the will?
Lastly, the facts reveal that testatrix died seized of realty in the Town of South Bristol, being different property from that referred to in the above-mentioned land contract, and which is the subject of disposition by paragraph “ Eighteenth ” of her will. All the persons mentioned in said paragraph have survived the testatrix excepting the said Luella Cull, and all of such survivors have executed an acceptance of a written purchase offer for its sale, the father of said Lawrence Brown, however, having signed in place of Lawrence because Lawrence is presently a minor. Request is made of this court as to whether Lawrence Brown’s remainder interest is vested or contingent and as to the identity of the owners of said property who may presently convey good title. A decree is prayed for approving the sale pursuant to the accepted purchase offer as shown by Schedule A attached to the petition in this matter, but it seems doubtful if, in this proceeding, the court can do more than establish the present owners who may convey, as the infant’s interest should, it seems to me, be sold pursuant to section 194-b of the Surrogate’s Court Act.
First, as to the gift to Mrs. Luella Cull of ‘1 the unpaid balance on her mortgage” pursuant to paragraph “Ninth” of the will, I hold the gift to be inoperative for the following three reasons. There is no record that any such mortgage ever existed. Furthermore, it is not necessary to determine whether the land contract could be construed to be the subject matter of the gift, because the gift fails in any event due to the prior death of the legatee, Luella Cull, whose relationship to the testatrix is not such as to bring it within the purview of section 29 of the Decedent Estate Law. In addition, paragraph “ Sixteenth ’’ of the will specifically states: “In the event any legatee herein named predeceases me, then their legacy shall lapse and the amount of it goes into my residuary estate.” This determination leaves the estate the holder of the land contract which is in default and of doubtful value and the holder of legal title to the 56 acres. A member of the Cull family still resides on the premises and may have acquired certain rights therein. Permission is hereby granted petitioner herein to compromise this claim subject to approval of the court.
Second, as to the gift to Lucretia Shaffer pursuant to paragraph “ Thirteenth ” of the will, I hold the same to be valid although she could not perform the condition attached to the gift. It was not the fault of the legatee that the dog predeceased testatrix. Testatrix had the dog destroyed and could well have *435 redrawn her will had it seemed necessary to her. It is doubtful if testatrix intended that Lucretia should lose her share of the residue under paragraph “ Nineteenth ” in the event the gift under, paragraph ‘ ‘ Thirteenth ’ ’ fallecí, and that might be the result should the question of the $500 legacy be decided otherwise. Although it can be argued that there was a condition attached to this gift, the will did not say “ if the dog be living at my death ’ ’, I give the $500. Here the duty imposed was clearly prospective and could not be performed until the payment of the legacy. The obligation to care for the dog did not precede the gift but arose after it. The condition required a course of continuous action on the part of the legatee following the vesting' of the estate. Under such circumstances it was at best a condition subsequent. One characteristic of a condition subsequent is that it does not prevent vesting. On the contrary, the estate, subject to such a condition, while vested, nevertheless is subject to divestment if the condition is not performed. But where, as here, literal performance of the condition is impossible by reason of circumstances over which the legatee has no control and through no fault on her part, she is entitled to take the gift — the condition imposed by the testator being deemed to be satisfied by performance as nearly as possible. (Matter of Ricker, 151 N. Y. S. 2d 247; Matter of Costolo, 167 Misc. 755; 2 Davids, New York Law of Wills, § 883; Matter of Johnston, 277 App. Div. 239; Livingston v. Gordon, 84 N. Y. 136.)
In holding Lucretia Shaffer entitled to the $500, I also hold that she is entitled to her proportionate share of the residue as one of the legatees named in the will.
The third question requiring determination in this proceeding relates to the interest derived by Lawrence Brown under paragraph 1 ‘ Eighteenth ’ ’ of the will; it is a moot question relative to the substitutional gift to Luella Cull, since she predeceased testatrix, and paragraph “ Sixteenth ” of the will provides that if any “ legatee ” predeceases the testatrix, their legacy shall lapse and become part of the residuary estate. While the proper technical word devisee was not used, the testamentary intent seems clear, especially since the will did not say to Luella Cull, her heirs and assigns.
Having disposed of Luella Cull as a potential remainderman, how about Lawrence Brown’s interest? Is it a vested or contingent remainder? In determining this type of question, and in the absence of a clear testamentary intent, certain basic rules of construction serve as guides. Where a remainder may fairly be construed as vested, rather than contingent, the law *436 will do so, as it seeks to avoid the disinheritance of remainder-men who may die before the determination of the precedent estate or the unreasonable inalienability of title if possible. Early vesting is favored in the absence of a contrary intention. (Matter of Tuthill, 158 N. Y. S. 2d 12; Matter of Russell, 168 N. Y. 169.)
Matter of Koorbusch (199 Misc. 861) is a case very similar to the one at hand. There the testatrix gave her husband a legal life estate and provided “ on his death to my living four children ’ ’ naming them, and further provided that ‘ ‘ In the event of the death of any of the above mentioned four children, then it is my will and wish that the share which would have gone to the deceased child or children shall be distributed equally among my surviving children. ’ ’ The four named children survived the testatrix, but two of them predeceased the husband. The court held the remainders vested in the four named remaindermen upon testatrix’ death and stated, “ Words of present gift of a remainder to persons nominatim are strong evidences of intention to vest the remainder on the death of the testatrix. * * * When such language is followed by other language concerning the survivorship of said persons such survivorship refers to the death of the testatrix. ’ ’
In the instant case the will reads, following the gifts of the two life estates, ‘ ‘ at his death I give the property to Lawrence Brown if he is living.” This is very similar to the Koorbusch wording of ‘ ‘ on his death to my living four children ’ ’. Furthermore the two remaindermen were specifically named in the case at bar and such designation is an effective element in the determination of the intent of the testator that the remainder shall vest in the remaindermen on their survival of the testator. (Matter of Montgomery, 258 App. Div. 64.)
Accordingly the court holds that the remainder of Lawrence Brown vested indefensibly at the time of the death of the testatrix, that Luella Cull never acquired any remainder interest by virtue of her death prior to that of testatrix and that her interest lapsed and cannot he saved under section 29 of the Decedent Estate Law.