Harry G. Herman, S.
This is an independent proceeding to construe the following paragraph of decedent’s will of June 8, 1959, which was admitted to probate in this court on April 12, 1962: “ To my niece, janet kromer, the sum of $1000.00 to be *439 hers absolutely; and I request that she take care of my pet cat ‘ ollie ’ during its lifetime and I direct my Executor to set aside $2000.00 for jaftet kromer, for the care of my pet and that he pay her the sum of $500.00 each year after my death until the happening of either of two events, first, that she has received the $2000.00 while my pet is still living or in the event that the pet should die before she has received the $2000.00 then upon the death of my pet, I direct my Executor to pay her the balance of the $2000.00 immediately.”
The decedent died on July 26, 1961, and the pet cat died a few hours later on the same day.
The bequest of $2,000 was a general legacy payable from the general funds of the estate and vested upon the death of the testatrix even though payment was deferred. The apparent objective of the testatrix was to provide the cat with necessary care to continue if need be for a period of four years and to defer payment of the legacy over that period by providing for payment in four equal annual installments. But the legacy is not conditioned upon the care of the cat by said legatee, and the will contains no defeasance clause in the event of the inability or failure of the legatee to care for the cat. Moreover, the performance by the legatee was rendered impossible by the death of the pet and not by any act of the testatrix or through any fault on the part of the legatee (Livingston v. Gordon, 84 N. Y. 136; Matter of Costalo, 167 Misc. 755).
If the will were interpreted as imposing a condition, the condition would be a condition subsequent rather than a condition precedent since the duty, if any, to care fot the pet is to follow the setting aside of the stated amount for the legatee. (Matter of Johnston, 277 App. Div. 239; Matter of Andrews, 34 Misc 2d 432.) Moreover, the will expressly provides in the event that the pet should die before receipt of the sum of $2,000 the balance of said sum was to be paid immediately to the legatee. This contingency having occurred, the bequest of $2,000 is payable in full to the legatee at this time.